| | |
|---|---|
| MARK R.S. FOSTER (SBN 223682) <br> mark.foster@skadden.com <br> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP <br> 525 University Avenue <br> Palo Alto, California 94301 <br> Telephone: (650) 470-4500 <br> Facsimile: (650) 470-4570 | DAVID MEISTER <br> (*Pro Hac Vice*) <br> david.meister@skadden.com <br> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP <br> One Manhattan West <br> New York, New York 10001 <br> Telephone: (212) 735-3000 <br> Facsimile: (212) 735-2000 |
| ABIGAIL E. DAVIS <br> (*Pro Hac Vice*) <br> abigail.sheehan@skadden.com <br> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP <br> 1000 Louisiana Street, Suite 6800 <br> Houston, Texas 77002 <br> Telephone: (713) 655-5100 <br> Facsimile: (713) 655-5200 | ANITA B. BANDY <br> (*Pro Hac Vice*) <br> anita.bandy@skadden.com <br> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP <br> 1440 New York Avenue, N.W. <br> Washington, D.C. 20005 <br> Telephone: (202) 371-7000 <br> Facsimile: (202) 371-5760 |

*Attorneys for Defendant Laura Izurieta*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SILICON VALLEY BANK, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY BECKER, DANIEL BECK, MARC CADIEUX, MICHAEL DESCHENEAUX, MICHAEL KRUSE, LAURA IZURIETA, ERIC BENHAMOU, ROGER DUNBAR, JOEL FRIEDMAN, MARY MILLER, KATE MITCHELL, BEVERLY MATTHEWS, GAREN STAGLIN, ELIZABETH BURR, RICHARD DANIELS, ALISON DAVIS, AND JEFFREY MAGGIONCALDA, <br><br> Defendants. | Case No. 5:25-cv-00569-NW <br><br> **DEFENDANT LAURA IZURIETA'S NOTICE OF JOINDER AND JOINDER IN MOTION TO DISMISS; MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** <br><br> Date: September 10, 2025 <br> Time: 9:00 a.m. <br> Courtroom: 3 <br> Judge: Hon. Noël Wise |

## NOTICE OF JOINDER & JOINDER IN MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on September 10, 2025, at 9:00 a.m., or as soon as the matter may be heard, before the Honorable Noël Wise, United States District Judge for the Northern District of California, located at 280 South First Street, in Courtroom 3, 5th Floor, San Jose, CA 95113, Defendant Laura Izurieta ("Ms. Izurieta"), will and hereby joins in the Motion to Dismiss Filed By Defendants Daniel J. Beck and Michael Kruse (the "Officers' Motion to Dismiss") with the exceptions of Sections III.C and D insofar as they relate to Plaintiff's claims based on an alleged dividend because she is not named as a defendant as to those claims.

Ms. Izurieta supplements the Officers' Motion to Dismiss with the additional unique arguments contained in this brief memorandum of points and authorities (the "Motion") pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). All capitalized terms have the meanings set forth in the Officers' Motion to Dismiss.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, and all documents and records on file in this action, and upon such other and further evidence and argument that may be presented at or before the hearing.

**Statement Of Issue To Be Decided**

Whether the Complaint should be dismissed as to Ms. Izurieta given its failure to allege any acts or omissions giving rise to the claims against her.

DATED: April 16, 2025

    Respectfully submitted,

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    By:      */s/ Mark R.S. Foster*
          Mark R.S. Foster
          *Attorneys for Defendant*
          Laura Izurieta

ii

DEFENDANT LAURA IZURIETA'S NOTICE OF JOINDER &     Case No. 5:25-cv-00569-NW
JOINDER IN MOTION TO DISMISS; MEMORANDUM ISO MOTION

I.     **INTRODUCTION**

SVB collapsed on March 10, 2023, nearly a year *after* Defendant Laura Izurieta resigned in April 2022 from her role as its Chief Risk Officer and as a member of the Asset Liability Committee. (Compl. ¶¶ 1, 13, 50.)  In an attempt to sweep Ms. Izurieta into the alleged wrongdoings it alleges against every bank official, the Complaint implies that she took part in decisions that postdate her resignation from SVB.  But Rule 8 requires more.  Particularly when addressing claims against an officer who has left the company long before the key time period, courts examine how that resigning officer "could have any connection with actions taken, or not taken" during the relevant time frame. *In re Sagent Tech., Inc. Derivative Litig.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003).  The Complaint fails as to Ms. Izurieta because it does not (and cannot) plead anything that she – as opposed to the "Officer Defendants" – did when she owed duties to the bank.

The 144-paragraph Complaint mentions Ms. Izurieta specifically only 15 times.  In five such instances, the Complaint explains what *is not alleged* against her (Compl. ¶¶ 104, 105, 106, 112, 125); in five others it describes her role at SVB and when she left that role. (*Id.* ¶¶ pmbl., 13, 27, 59, 101.)  And in one other, the Complaint alleges she was critical of certain SVB personnel for being "inattentive," "ineffective," and "being unfamiliar with basic and critical concepts"— all messages that belie the notion that Ms. Izurieta mismanaged SVB's risks. (*Id.* ¶ 59.)

The Complaint alleges three causes of action: negligence, gross negligence, and breach of fiduciary duty.  The Complaint rightly excludes Ms. Izurieta from the claims related to SVB's payment of a dividend to its parent in December 2022, long after she had left the bank. (*Id.* ¶¶ 104–06, 112, 125, 132, and 140.)  It claims, however, that Ms. Izurieta along with the other defendants exposed the company to severe interest-rate risk by depleting its interest-rate hedges and modifying deposit models measuring interest-rate risk without justification.  But none of the allegations actually tie Ms. Izurieta to any of the claims.  This pleading failure requires dismissal under *Sagent* and well-settled case law following it.

II.    **ARGUMENT**

The overarching failure of the Complaint as to Ms. Izurieta is that it does not distinguish between alleged acts or omissions while she worked at the bank and any after she left.  Moreover,

1

while two of the Complaint's three theories of mismanagement against seventeen former officers and directors of SVB take glancing aim at Ms. Izurieta, these two theories concerning SVB's alleged decisions to (1) unwind interest-rate swaps and (2) modify its depositing models — are so ambiguous about her role that they fail to give her fair notice of the claim against her under Rule 8(a). This type of group pleading is improper because it does "not indicate which individual defendant or defendants were responsible for which alleged wrongful act" and lumps together defendants who are not similarly situated. *Sagent*, 278 F. Supp. 2d at 1094.

As to Plaintiff's theory of mismanagement, the Complaint does not allege how Ms. Izurieta did or could have participated in the unwinding of SVB's interest-rate hedges or in the modification of its depositing models before her resignation in April 2022. Instead, the Complaint merely groups her with the other "officer defendants" without any differentiation. That is fatal for the reasons set out in the Officer Defendants' brief. In *Sagent*, the court observed that the complaint, like this one, made "little distinction among any of [the] defendants," and "fail[ed] to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act." 278 F. Supp. 2d at 1093–1094; *accord In re Am. Apparel, Inc. S'holder Derivative Litig.*, 2012 WL 9506072, at *41–42 (C.D. Cal. July 31, 2012) (faulting plaintiffs for not pleading "specific factual allegations concerning his role, responsibilities, conduct, and knowledge"). The same is true here.

*Sagent* is particularly on point for Ms. Izurieta. There, the court reasoned that "the complaint alleges no facts indicating how the individual defendants can be liable for events that occurred . . . after they left the company." 278 F. Supp. 2d at 1093. The court dismissed a breach of fiduciary duty claim where a complaint alleged no facts "showing . . . how defendants that left [company] in 2000 could have any connection with actions taken, or not taken, in 2001." *Id.* at 1094. That reasoning applies with equal force here, as the Complaint fails to plead any facts showing how Ms. Izurieta could be responsible for alleged wrongdoing that happened after she resigned from SVB in April 2022.

The Complaint alleges that the Officer Defendants as an undifferentiated group caused SVB to "terminate interest-rate swaps providing protection for its AFS portfolio from an increase in

2

interest rates." (*Id*. ¶¶ 124(b), 130(b), 138(b).)  It alleges that as of November 2021, SVB "had hedged $11.3 billion of its $24.2 billion AFS portfolio," (*id*. ¶ 96), and did not "beg[i]n unwinding the swaps" until later in 2021. (*Id*. ¶ 98.)  The Complaint, however, does not allege that Ms. Izurieta had any part in the decision to begin unwinding those swaps.  Indeed, according to the Complaint, it was not until March 17, 2022, just weeks before Ms. Izurieta's last day as an officer, that SVB allegedly <u>began</u> to unwind "part of [its] $10Bn hedging position." (*Id*. ¶ 100.)  While the Complaint quotes another SVB officer's text stating that, "Just a quick head[s] up that we are unwinding today a part of our $10Bn hedging position," there is no allegation that Ms. Izurieta even received that text. (*See id*.)

Nor does anything else in the Complaint connect Ms. Izurieta to that unwinding.  If anything, the Complaint pleads the opposite, alleging that it was not until *three months after Ms. Izurieta's departure*, in July 2022, that the "<u>Officer Defendants</u> and Finance and Risk Directors had caused SVB to terminate all but $564 million of the swaps." (*Id*. ¶ 98.) (emphasis added).  Ms. Izurieta cannot possibly have been involved in any decision to terminate swaps after she had resigned, and the Complaint does not allege otherwise.

As to the second theory of mismanagement, the Complaint is similarly deficient with respect to Ms. Izurieta's alleged involvement in SVB's decision "to alter their models measuring the risk" in April 2022. (*Id*. ¶ 84.)  The most glaring problem is the *when*: the Complaint alleges that the decision took place at some unspecified time in April 2022, which means within days (or a day) of the end of Ms. Izurieta's service at the bank, (*id*.), and that the "change to the deposit curtailment assumption brought EVE-at-Risk within the Global Treasury Policy's limits for only two months: April 2022 and May 2022." (*Id*. ¶ 87.)  The Complaint fails to allege that these changes occurred during her tenure, rather than after it.  And while the Complaint alleges that it was "<u>SVB's officers</u>" who "altered the deposit model that fed into the EVE-at-Risk model to try to make the breaches disappear" (*id*. ¶ 83) (emphasis added), and that "SVB's officers implemented this plan," as "reported in a May 24, 2022 presentation to the Asset Liability Management Committee," that presentation too was *after* Ms. Izurieta had resigned. (*Id*. ¶ 85.)  Again, the Complaint fails to allege what, if anything, Ms. Izurieta did to alter the EVE model.

3

### III. CONCLUSION

The deficiencies identified above cannot be corrected unless Plaintiff fundamentally changes its factual allegations, and therefore any amendment would be futile. For all these reasons Ms. Izurieta asks this Court to dismiss all claims against her with prejudice.

DATED: April 16, 2025

                        Respectfully submitted,

                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                        By:   */s/ Mark R.S. Foster*
                               Mark R.S. Foster
                               *Attorneys for Defendant*
                               Laura Izurieta

4

DEFENDANT LAURA IZURIETA'S NOTICE OF JOINDER & JOINDER IN MOTION TO DISMISS; MEMORANDUM ISO MOTION     Case No. 5:25-cv-00569-NW

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on April 16, 2025. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on April 16, 2025.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:      */s/ Mark R.S. Foster*
        Mark R.S. Foster
        *Attorneys for Defendant*
        Laura Izurieta