| | |
|---|---|
| Philip D. Anker (appearance pro hac vice)<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Email: philip.anker@wilmerhale.com<br><br>Lorraine B. Echavarria (CA SBN 191860)<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>350 South Grand Avenue, Suite 2400<br>Los Angeles, CA 90071<br>Email: lori.echavarria@wilmerhale.com<br><br>*Counsel for* Defendants *Eric Benhamou, Elizabeth Burr, Richard Daniels, Alison Davis, Roger Dunbar, Joel Friedman, Jeffrey Maggioncalda, Beverly Kay Matthews, Mary Miller, Kate Mitchell, and Garen Staglin*<br><br>*Additional Counsel Listed on Signature Page* | Barry Berke (appearance pro hac vice)<br>Darren LaVerne (appearance pro hac vice)<br>Daniel Ketani (appearance pro hac vice)<br>GIBSON DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: (212) 351-4000<br>Email: bberke@gibsondunn.com<br>Email: dlaverne@gibsondunn.com<br>Email: dketani@gibsondunn.com<br><br>Michael D. Celio (CA SBN 197998)<br>GIBSON DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone: (415) 393-8200<br>Email: mcelio@gibsondunn.com<br><br>*Counsel for Defendant Daniel J. Beck* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SILICON VALLEY BANK,<br><br>            Plaintiff,<br><br>      v.<br><br>GREGORY BECKER, DANIEL BECK, MARC CADIEUX, MICHAEL DESCHENEAUX, MICHAEL KRUSE, LAURA IZURIETA, ERIC BENHAMOU, ROGER DUNBAR, JOEL FRIEDMAN, MARY MILLER, KATE MITCHELL, BEVERLY MATTHEWS, GAREN STAGLIN, ELIZABETH BURR, RICHARD DANIELS, ALISON DAVIS, AND JEFFREY MAGGIONCALDA,<br><br>            Defendants. | Case No. 5:25-cv-00569-NW<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS CONSOLIDATED AMENDED COMPLAINT**<br><br>Date:        September 10, 2025<br>Time:        9:00 AM<br>Judge:       The Honorable Noël Wise<br>Courtroom:  3, 5th Floor |

1  Defendants Eric A. Benhamou, Elizabeth Burr, Richard D. Daniels, Alison Davis, Roger F. Dunbar, Joel P. Friedman, Jeffrey N. Maggioncalda, Beverly Kay Matthews, Mary J. Miller, Kate D. Mitchell, and Garen K. Staglin (the "Outside Directors"), and Daniel J. Beck, Gregory W. Becker, Marc Cadieux, Michael Descheneaux, Michael Kruse, and Laura Izurieta (the "Officer Defendants" and altogether "Defendants"), submit this request that the Court consider the documents identified below in connection with the Outside Directors' and Officer Defendants' Motions to Dismiss the Complaint (the "Complaint").

## REQUEST FOR JUDICIAL NOTICE

On a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). It is appropriate for the Court to "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). Federal Rule of Evidence 201(b) allows the Court to take judicial notice of adjudicative facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Each of the documents described below and attached hereto as Exhibits 1 through 15 to the Declaration of Philip D. Anker ("Anker Declaration," filed concurrently), is properly considered in connection with Defendants' Motions to Dismiss under (a) the incorporation by reference doctrine, (b) Federal Rule of Evidence 201, which permits the Court to consider information subject to judicial notice, or (c) both of these doctrines.

**I.   THE COURT MAY TAKE JUDICIAL NOTICE OF SEC FILINGS ON A MOTION TO DISMISS**

"Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case." *In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008) (citations omitted); *see*, *e.g.*, *In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *6 (N.D. Cal. Oct. 31, 2014) (taking judicial notice of SEC filing that was not referred to in the complaint).

Courts may take judicial notice of SEC filings, including Forms 10-K, Forms 10-Q, Forms 8-K, and Forms 4, because the authenticity of those documents is not disputed and their accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (on motion to dismiss, courts may consider "any matter subject to judicial notice, such as SEC filings"); *see also In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice.").

Defendants request that the Court take judicial notice of the following documents[1] filed with the SEC, true and correct copies of which are attached hereto:

| Document | Exhibit No. |
|---|---|
| Excerpts of SVB Financial Group's Form 8-K filed with the Securities and Exchange Commission (SEC) on March 8, 2023 | 1 |
| Excerpts of SVB Financial Group's 2021 Form 10-K filed with the SEC on March 1, 2022 | 2 |
| Excerpts of SVB Financial Group's 2022 Form 10-K filed with the SEC on February 24, 2023 | 3 |
| Excerpts of SVB Financial Group's Q1 2022 Form 10-Q filed with the SEC on May 6, 2022 | 4 |
| Excerpts of SVB Financial Group's Q2 2022 Form 10-Q filed with the SEC on August 8, 2022 | 5 |
| Excerpts of SVB Financial Group's Q3 2022 Form 10-Q filed with the SEC on November 7, 2022 | 6 |
| Excerpts of SVB Financial Group's Form 8-K filed with the SEC on October 20, 2022 | 7 |

---

[1] Note: Due to the voluminous nature of these documents, Defendants have excerpted and highlighted the relevant and referenced portions of the attached SEC filings. Should the Court require the filings in full, Defendants will provide copies as soon as requested.

| | |
|---|---|
| Excerpts of SVB Financial Group's Schedule 14A Proxy Statement filed with the SEC on March 3, 2023 | 8 |

## II. THE COURT MAY TAKE JUDICIAL NOTICE OF REPORTS FROM GOVERNMENT AGENCIES ON A MOTION TO DISMISS

"[T]he content of records and reports of administrative bodies are proper subjects for judicial notice." *Lopez v. Bank of Am., N.A.*, 505 F. Supp. 3d 961, 969 (N.D. Cal. 2020) (citation omitted). "Because of their perceived reliability, courts have often admitted records taken from websites maintained by government agencies." *Id.* at 969–70 (quoting *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018)); s*ee also Armani v. Nw. Mut. Life Ins. Co.*, 2017 WL 3174894, at *3 (C.D. Cal. July 24, 2017) (taking judicial notice of "document [that] was downloaded from the Federal Reserve Bank of St. Louis' website"). Judicial notice provides a basis for the following Exhibits, which are each records or reports from government agencies that are publicly available on those agencies' websites. Defendants request that the Court take judicial notice of the following government agency reports:

| Document | Exhibit No. |
|---|---|
| Federal Reserve Board of San Francisco (FRBSF) and California Department of Financial Protection and Innovation (DFPI) Report Commercial Bank Examination, dated April 13, 2020 | 9 |
| Federal Reserve Summary of Economic Projections Released at 2:00 p.m., EST, on December 16, 2020 | 10 |
| FRBSF and DFPI Report of Joint Examination re SVB, dated May 3, 2021 | 11 |
| FRBSF and DFPI letter to SVB, dated August 17, 2022 | 12 |
| Excerpts of the FDIC Annual Report 2022 | 13 |
| FRBSF and DFPI letter to SVB, dated November 15, 2022 | 14 |
| DFPI Order Taking Possession of Property and Business re SVB, dated March 10, 2023 | 15 |

## III. DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT ARE CONSIDERED FOR THEIR TRUTH ON A MOTION TO DISMISS

Additionally, a document "may be incorporated by reference . . . if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342

F.3d at 908. In such circumstances, "[t]he defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* And the Court is not limited to considering the excerpts plaintiffs specifically cite or refer to in the complaint. *See In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)) ("[I]ncorporation by reference is a judicial doctrine that prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or extinguish their claims.") Rather, "the court can consider each document *in its entirety* and not rely solely on the excerpts plaintiff[s] plead[.]" *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1119 (C.D. Cal. 2015). "The court may treat such a document as 'part of the complaint'" and "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *Ritchie*, 342 F.3d at 908); *see, e.g.*, *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066–67 (N.D. Cal. 2010) (holding that SEC filings, press releases and conference call transcripts that formed the basis of plaintiff's claims were incorporated by reference into the complaint).

In setting forth its allegations, Plaintiff expressly references and quotes from the following documents, which incorporates these documents by reference into the Complaint:

| Document | Exhibit No. | Compl. Paragraph |
|---|---|---|
| FRBSF and DFPI Report Commercial Bank Examination, dated April 13, 2020 | 9 | 52 |
| FRBSF and DFPI Report of Joint Examination re SVB, dated May 3, 2021 | 11 | 53 |
| FRBSF and DFPI letter to SVB, dated August 17, 2022 | 12 | 57 |
| FRBSF and DFPI letter to SVB, dated November 15, 2022 | 14 | 58 |

### IV. THE COURT MAY TAKE JUDICIAL NOTICE OF CORPORATE GOVERNING DOCUMENTS

Judicial notice is appropriate for companies' governing documents. *See, e.g.*, *In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 367 F. Supp. 3d 1108, 1118 (N.D. Cal. 2019) ("Courts routinely consider a company's certificate of incorporation and bylaws in assessing a motion to dismiss a derivative suit"). Judicial notice of such materials is appropriate to establish, among other things, what information is in the public realm and has been communicated to investors. *See, e.g., Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019), aff'd, 985 F.3d 1180 (9th Cir. 2021). Defendants request the Court take judicial notice of the following of SVB's governing documents:

| Document | Exhibit No. |
|---|---|
| SVB's Articles of Incorporation, dated June 29, 1988 | 16 |

### V. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court take judicial notice of, and/or consider pursuant to the incorporation by reference doctrine, Exhibits 1 through 16 accompanying the Anker Declaration in connection with the Court's adjudication of Defendants' contemporaneously filed motions to dismiss.

| | | |
|---|---|---|
| 1 | Dated: April 16, 2025 | Respectfully Submitted, |
| 2 | |   /s/ *Philip D. Anker* |
| 3 | | PHILIP D. ANKER |
| 4 | | Philip D. Anker (appearance pro hac vice)<br>WILMER CUTLER PICKERING |
| 5 | |    HALE AND DORR LLP<br>7 World Trade Center |
| 6 | | 250 Greenwich Street<br>New York, NY 10007 |
| 7 | | philip.anker@wilmerhale.com |
| 8 | | Lorraine B. Echavarria (CA SBN 191860)<br>WILMER CUTLER PICKERING |
| 9 | |    HALE AND DORR LLP<br>350 South Grand Avenue, Suite 2400 |
| 10 | | Los Angeles, CA 90071<br>lori.echavarria@wilmerhale.com |
| 11 | | Michael A. Mugmon (CA SBN 251958) |
| 12 | | Caleb J. Lin (CA SBN 316869)<br>WILMER CUTLER PICKERING |
| 13 | |    HALE AND DORR LLP<br>50 California Street, Suite 3600 |
| 14 | | San Francisco, CA 94111<br>michael.mugmon@wilmerhale.com |
| 15 | | caleb.lin@wilmerhale.com |
| 16 | | *Counsel for Defendants Eric Benhamou, Elizabeth Burr, Richard Daniels, Alison Davis, Roger* |
| 17 | | *Dunbar, Joel Friedman, Jeffrey Maggioncalda, Beverly Kay Matthews, Mary Miller, Kate Mitchell,* |
| 18 | | *and Garen Staglin* |
| 19 | Dated:  April 16, 2025 | **GIBSON, DUNN & CRUTCHER LLP** |
| 20 | |   /s/ *Darren LaVerne* |
| 21 | | BARRY BERKE, *admitted pro hac vice* |
| 22 | | (bberke@gibsondunn.com)<br>DARREN LAVERNE, *admitted pro hac vice* |
| 23 | | (dlaverne@gibsondunn.com)<br>DANIEL KETANI, *admitted pro hac vice* |
| 24 | | (dketani@gibsondunn.com)<br>200 Park Avenue |
| 25 | | New York, NY 10166-0193<br>Tel: (212) 351-4000 |
| 26 | | Fax: (212) 351-4035 |
| 27 | | MICHAEL D. CELIO<br>(mcelio@gibsondunn.com) |
| 28 | | |

|   |   |   |
|---|---|---|
| 1 |  | One Embarcadero Center, Suite 2600 |
| 2 |  | San Francisco, CA 94111-3715<br>Tel: (415) 393-8200<br>Fax: (415) 393-8306 |
| 3 |  |  |
| 4 |  | *Counsel for Defendant Daniel J. Beck* |
| 5 | Dated:  April 16, 2025 | **LATHAM & WATKINS LLP** |
| 6 |  | */s/ Christopher L. Garcia* |
| 7 |  | CHRISTOPHER L. GARCIA, *admitted pro hac vice* |
| 8 |  | (christopher.garcia@lw.com)<br>RAQUEL KELLERT, *admitted pro hac vice* |
| 9 |  | (raquel.kellert@lw.com)<br>MATTHEW P. VALENTI, *admitted pro hac vice* |
| 10 |  | (matthew.valenti@lw.com)<br>1271 Avenue of the Americas |
| 11 |  | New York, NY 10020<br>Tel: (212) 906-1200 |
| 12 |  | Fax: (212) 751-4864 |
| 13 |  | ALEXANDER WYMAN |
| 14 |  | (alex.wyman@lw.com)<br>355 S. Grand Avenue |
| 15 |  | Ste 100<br>Los Angeles, CA 90071 |
| 16 |  | Tel: (213) 485-1234 |
| 17 |  | *Counsel for Defendant Michael Kruse* |
| 18 | Dated:  April 16, 2025 | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |
| 19 |  | */s/ Jame N. Kramer* |
| 20 |  | JAMES N. KRAMER |
| 21 |  | (jkramer@orrick.com)<br>405 Howard Street |
| 22 |  | San Francisco, CA 94105-2669<br>Tel: (415) 773-5900<br>Fax: (415) 773-5759 |
| 23 |  | KEVIN M. ASKEW |
| 24 |  | (kaskew@orrick.com)<br>355 S. Grand Ave. |
| 25 |  | 27th Floor<br>Los Angeles, CA 90071 |
| 26 |  | Tel: (213) 629-2020 |
| 27 |  |  |
| 28 |  |  |

|   |   |   |
|---|---|---|
| 1 |  | JAMES D. HOUGHTON, admitted pro hac vice |
| 2 |  | (jhoughton@orrick.com) <br> 222 Berkeley Street <br> Suite 2000 |
| 3 |  | Boston, MA 02116 <br> Tel: 617-880-1923 |
| 4 |  | Fax: 617-880-1801 |
| 5 |  | *Counsel for Defendant Gregory W. Becker* |
| 6 | Dated: April 16, 2025 | **MORRISON & FOERSTER LLP** |
| 7 |  | */s/ Jamie A. Levitt* |
| 8 |  | JORDAN ETH |
| 9 |  | (jeth@mofo.com) <br> 425 Market Street |
| 10 |  | San Francisco, CA 94105-2482 <br> Tel: (415) 268-7126 |
|  |  | Fax: (415) 268-7522 |
| 11 |  |  |
| 12 |  | JAMIE A. LEVITT, *admitted pro hac vice* <br> (jlevitt@mofo.com) |
| 13 |  | 250 West 55th Street <br> New York, NY 10019 |
| 14 |  | Tel: (212) 468-8000 <br> Fax: (212) 468-7900 |
| 15 |  | *Counsel for Defendant Marc Cadieux* |
| 16 | Dated: April 16, 2025 | **HOGAN LOVELLS US LLP** |
| 17 |  | */s/ Peter G. Spivack* |
| 18 |  | PETER G. SPIVACK |
| 19 |  | (peter.spivack@hoganlovells.com) <br> 555 13th Street, NW |
| 20 |  | Washington, DC 20004 <br> Tel: (202) 637-5631 |
| 21 |  | MEGAN R. NISHIKAWA |
| 22 |  | (megan.nishikawa@hoganlovells.com) <br> 4 Embarcadero Center, Suite 3500 |
| 23 |  | San Francisco, CA 94111 <br> Tel: (415) 374-2300 |
| 24 |  | NICHOLAS LAURIDSEN <br> (nicholas.lauridsen@hoganlovells.com) |
| 25 |  | 1999 Avenue of the Stars <br> Suite 1400 |
| 26 |  | Los Angeles, CA 90067 <br> Tel: (310) 785-4736 |
| 27 |  | *Counsel for Defendant Michael Descheneaux* |
| 28 |  |  |

Dated: April 16, 2025

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

/s/ *Abigail Elizabeth Davis*

MARK R.S. FOSTER
(mark.foster@skadden.com)
525 University Avenue
Palo Alto, CA 94301
Tel: (650) 470-4580

DAVIS MEISTER, admitted pro hac vice
(david.meister@skadden.com)
One Manhattan West
New York, NY 10001-8602
Tel: (212) 735-2100

ANITA B. BANDY, admitted pro hac vice
(anita.bandy@skadden.com)
1440 New York Avenue, N.W.
Washington DC 20005
Tel: (202) 371-7570
Fax: (202) 393-5760

ABIGAIL ELIZABETH DAVIS, admitted pro hac vice
(abigail.sheehan@skadden.com)
1000 Louisiana Street, Suite 6800
Houston, TX 77002
Tel: (713) 655-5120

*Counsel for Defendant Laura Izurieta*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: April 16, 2025                    */s/ Philip D. Anker*