1  Peter Spivack (CA Bar No. 136909)
   **HOGAN LOVELLS US LLP**
2  555 13th Street, NW
   Washington, DC 20004-1109
3  Tel: (202) 637-5600
   Fax: (202) 637-5910
4  peter.spivack@hoganlovells.com

5  Megan Nishikawa (CA Bar No. 271670)
   **HOGAN LOVELLS US LLP**
6  4 Embarcadero Center
   Suite 3500
7  San Francisco, CA 94111
   Tel: (415) 374-2300
8  Fax: (415) 374-2499
   megan.nishikawa@hoganlovells.com

9

10 *Attorneys for Michael Descheneaux*

11

12                    UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14

15 FEDERAL DEPOSIT INSURANCE CORP.,      Case No.  5:25-cv-00569-NW
   AS RECEIVER FOR SILICON VALLEY
16 BANK,                                 **DEFENDANT MICHAEL**
                                         **DESCHENEAUX'S MEMORANDUM OF**
17             Plaintiff,                **POINTS AND AUTHORITIES IN**
                                         **SUPPORT OF MOTION TO DISMISS THE**
18        v.                             **COMPLAINT**

19                                       Complaint filed: January 16, 2025
   GREGORY BECKER, DANIEL BECK,
20 MARC CADIEUX, MICHAEL                 Date: September 10, 2025
   DESCHENEAUX, MICHAEL KRUSE,           Time: 9:00 a.m.
21 LAURA IZURIETA, ERIC BENHAMOU,        Courtroom: San Jose Courthouse, Courtroom 3
   ROGER DUNBAR, JOEL FRIEDMAN,          – 5th Floor
22 MARY MILLER, KATE MITCHELL,
   BEVERLY MATTHEWS, GAREN               The Honorable Noël Wise
23 STAGLIN, ELIZABETH BURR, RICHARD
   DANIELS, ALISON DAVIS, AND JEFFREY    *[Filed Concurrently with Defendant Michael*
24 MAGGIONCALDA,                         *Descheneaux's Notice and Motion to Dismiss*
                                         *the Complaint, and Proposed Order]*
25
             Defendants.
26

27

28 MICHAEL DESCHENEAUX'S MOTION TO DISMISS THE COMPLAINT
   CASE NO. 5:25-cv-00569-NW

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Michael Descheneaux, former president of Silicon Valley Bank ("SVB"), joins in the brief filed by the Officer Defendants. Mr. Descheneaux submits this supplemental brief to explain why the Complaint fails to meet pleading requirements as to him.

Since the California Department of Financial Protection and Innovation's ("DFPI") 2023 takeover of SVB and its appointment of the FDIC as the Receiver, the FDIC has conducted a one-sided regulatory investigation. Despite months of access to millions of documents, the FDIC's Complaint wholly fails to plausibly allege any actionable act or omission by Mr. Descheneaux. In its 37 pages, the Complaint describes no acts or omissions on Mr. Descheneaux's part that constituted a breach of his duties toward SVB.

That is because Mr. Descheneaux never engaged in such conduct. The Complaint only points to high-level decisions made by the Risk Committee, the Finance Committee, and the Board of Directors, but the fact of the matter is that Mr. Descheneaux was not on these committees, and he was not a board member. His role as President of SVB was largely a customer-facing and commercial one, rather than one in which he made decisions about corporate strategy.

Such threadbare allegations should not be sufficient to drag Mr. Descheneaux through what will likely be years of litigation. Because the Complaint fails to meet the bare minimum pleading standard of the Federal Rules of Civil Procedure, it should be dismissed.

## II.    LEGAL STANDARD

Mr. Descheneaux incorporates the Officers' Brief's discussion of the legal standard.

## III.    ARGUMENT

### a.    FDIC-R Fails to Plausibly State a Claim Against Mr. Descheneaux.

The Court should dismiss the Complaint against Mr. Descheneaux in its entirety because it fails to meet the minimum standards of Federal Rules of Civil Procedure Rules 12(b)(6) and 8(b). The Complaint offers no well-pleaded facts showing how Plaintiff's broad allegations against the

mixed group of Officer and Director defendants – who held different roles and constituted at least four different committees – apply directly to Mr. Descheneaux or implicate his conduct. The Complaint fails to individuate any of Mr. Descheneaux's alleged actions from those of the other defendants and largely relies on his presence at a few committee meetings over the course of two years to infer that he had a hand in shaping SVB's corporate strategy. *See e.g.* Complaint, ¶ 108. The Complaint is silent as to what actions Mr. Descheneaux could have taken in his primary role as bank president that would have prevented the bank's failure and the alleged "billions of dollars in damages" FDIC-R claims resulted from these actions. Complaint, ¶ 1.

Mr. Descheneaux is named ten times in the 37-page Complaint. Aside from boilerplate passages identifying his job at SVB and membership on the Asset and Liability Committee ("ALCO") (e.g. Complaint, ¶ 11, stating he was SVB's President), his name appears only within lists of names of other SVB and SVBFG employees. *Id.* ¶¶ 110, 108. In the *twenty-two* pages the Complaint devotes to laying out the alleged factual background of its causes of action, Mr. Descheneaux is mentioned only twice. The first time, Mr. Descheneaux's name is listed alongside several SVB Officers who "communicated extensively about the need for the AFS hedges and the decision to terminate them" (*Id.* ¶ 101); the second occurrence briefly mentions that Mr. Descheneaux "[was] in attendance" at an October 18, 2022 ALCO meeting where "[t]he resumption of the bank-to-parent dividend was discussed" (*Id.* ¶ 108).

In the first instance, the Complaint merely claims that Mr. Descheneaux communicated with his fellow ALCO committee members regarding AFS hedges – but does not disclose the substance of his particular communications; in the second, the Complaint simply states he was at a meeting. Neither of these actions is inconsistent with "[acting] as prudent and diligent business persons in conducting the affairs of the bank." FDIC Financial Institution Letter (FIL–87–92), December 3, 1992 (explaining duty of care owed by officers to a financial institution), attached to Decl. of Peter Spivack at Exh. 1. Furthermore, neither of these actions, based on the facts provided, can reasonably

be construed as "advancing [one's] own personal or business interests, or those of others, at the expense of the bank." *Id.* (explaining duty of loyalty owed by officers to a financial institution).

Nowhere does the Complaint meaningfully allege that Mr. Descheneaux acted negligently or in breach of his fiduciary duties. Merely communicating about AFS hedges (an ALCO topic) and attending a committee meeting fall far short of the legal standard for bringing a cause of action. It is not enough to invoke the "sheer possibility that a defendant has acted unlawfully…." *Iqbal*, 556 U.S. at 677. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. FDIC's claims are not plausible against Mr. Descheneaux.

### i.   Mr. Descheneaux Did Not Make SVB's Investment Decisions.

The Complaint alleges neither actions nor inactions *by Mr. Descheneaux* that breached his duty to SVB or were the proximate cause of the damage caused by the alleged breach.

The Complaint lays out the duties of the Finance and Risk Committees. The former oversaw various functions, such as SVB's investment decisions, hedging activities, payment of dividends, and capital and liquidity management, and worked with the latter on SVB's overall risk profile, including capital and liquidity risk management. (Complaint, ¶ 37-38)

However, Mr. Descheneaux was not a member of either of those bodies. (Complaint, ¶ 27). He is correctly identified as a member of ALCO, which was tasked with "review[ing] and approv[ing] strategies" presented by management that balanced optimal financial performance and acceptable risk, "monitor[ing] changes in the composition of SVBFG's and SVB's assets" and advising, reviewing, and recommending strategies "consistent with corporate strategic objectives." (Complaint, ¶¶ 37-39). ALCO's promotion of "optimal financial performance" dovetailed with Mr. Descheneaux's role as SVB president. For instance, during the January 18, 2022 ALCO meeting where the Complaint states that the possibility of changing deposit assumptions was raised (Complaint, ¶ 84), Mr. Descheneaux's sole contribution was to comment that client balances "looked fairly strong in Tech and Life Sciences for January." January 18, 2022 Meeting of Silicon Valley Bank's Asset Liability Committee, 2, attached to Decl. of Peter Spivack at Exh. 2.

The Complaint never identifies ALCO as a decision-making body – nor could it. The Complaint merely states that ALCO was put "on notice" about SVB's strategy to focus on growing long-duration security investments to generate yield. (*Id.* ¶ 49). Nor does FDIC suggest that ALCO participated in "Finance Committee strategy sessions" – only that it was kept up to date. This is because ALCO was an advisory body, not a decision-making one. (Complaint, ¶ 39).

Proximate cause in a negligence action requires the FDIC to plead facts sufficient to support the inference that Mr. Descheneaux's conduct was a "substantial factor" in causing the damages for which relief is sought. *Fed. Deposit Ins. Corp. v. Switzer*, No. 3:13-CV-03834-RS, 2014 WL 12696532, at *2 (N.D. Cal. Apr. 9, 2014) (citing *Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 958 (1997)). The Complaint falls far short of showing that Mr. Descheneaux failed to investigate material facts, exercise due care, or engage in reasonable inquiry, and similarly fails to allege any conduct by Mr. Descheneaux that satisfies causation under California law. *Id.* at *2.

### ii.  Mr. Descheneaux Did Not Terminate Interest-Rate Hedges.

Mr. Descheneaux was not a decision-maker behind SVB's termination of interest-rate hedges on its AFS portfolio, and the Complaint makes no allegations to the contrary specific to Mr. Descheneaux. The Complaint says nothing of Mr. Descheneaux's conduct regarding the hedges.

### iii.  Mr. Descheneaux Did Not Cause SVB To Pay the Dividend to SVBFG.

The Complaint fails to plead facts supporting the allegation that Mr. Descheneaux himself somehow caused SVB to pay the dividend, which the FDIC cites as causing "billions of dollars in damages" to the bank. (Complaint, ¶ 6). Once again, the Complaint never raises Mr. Descheneaux's name in the context of the dividend allegations, other than to note that he, among several others, was present at an October 2022 ALCO meeting where resumption of the dividend was discussed. (Complaint, ¶ 108). Mr. Descheneaux is not recorded as taking part in any discussion of this dividend at this meeting. *See* October 18, 2022 Meeting of Silicon Valley Bank's Asset Liability Committee, attached to Decl. of Peter Spivack at Exh. 3. By way of contrast, the Complaint alleges that "on January 18, 2023, the Finance Committee approved an additional $200 million dividend

from SVB to SVBFG" (Complaint, ¶ 120), which connects to an earlier allegation that the Finance Committee – of which Mr. Descheneaux was not a member – was responsible for "making recommendations regarding … dividend strategies and any proposed dividend declarations," as laid out in its charter. (Complaint, ¶ 37).

Even taken as true, the Complaint does nothing more than establish that Mr. Descheneaux attended the October 18, 2022 ALCO meeting regarding the dividend. It does *not* allege, much less establish, that he "caused SVB to pay the …dividend to SVBFG".

### iv.  Mr. Descheneaux Did Not Breach His Fiduciary Duty To SVB.

Fiduciary duty requires "directors and officers to administer the affairs of the bank with candor, personal honesty and integrity. They are prohibited from advancing their own personal or business interests, or those of others, at the expense of the bank." *See* Exh. 1.  The Complaint alleges only that Officers and Directors were trying to benefit SVBFG at the expense of SVB. *See e.g.* Complaint, ¶ 102. But even that allegation fails as to Mr. Descheneaux: he had no position at SVBFG, and the Complaint makes no allegations that he acted on, or was involved in, the decision to pay the dividend or received any benefit – or sought to benefit others – whatsoever. Thus, the breach of fiduciary duty cause of action comes up lacking as to him.

## IV.  **CONCLUSION**

FDIC-R's Complaint lacks any allegations that Mr. Descheneaux exercised, or even held, authority to manage SVB's investment strategy, terminate interest-rate swaps, or arrange for a dividend payment to SVBFG. And despite having had full access to millions of SVB's documents for the past two years, FDIC-R offers no allegations regarding Mr. Descheneaux's specific actions or inactions that satisfy the legal requirements of breach of duty and proximate causation in its claims for negligence, gross negligence, and breach of fiduciary duty. Mr. Descheneaux respectfully requests that the Court grant his Motion to Dismiss.

Dated: April 16, 2025

Respectfully submitted,

By: _/s/ Peter Spivack____
Peter Spivack (CA Bar No. 136909)
**HOGAN LOVELLS US LLP**
555 13th Street, NW
Washington, DC 2004-1109
Tel: (202) 637-5600
Fax: (202) 637-5910
peter.spivack@hoganlovells.com

Megan Nishikawa (CA Bar No. 271670)
**HOGAN LOVELLS US LLP**
4 Embarcadero Center
Suite 3500
San Francisco, CA 94111
Tel: (415) 374-2300
Fax: (415) 374-2499
megan.nishikawa@hoganlovells.com

*Attorneys for Michael Descheneaux*