JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

KEVIN M. ASKEW (SBN 238866)
kaskew@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Ste. 2700
Los Angeles, CA 90071
Telephone: +1 213 612 2477

JAMES D. HOUGHTON (*Pro Hac Vice*)
jhoughton@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley St., Ste. 2000
Boston, MA 02116
Telephone: +1 617 880 1800

Attorneys for Defendant Gregory Becker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP., AS RECEIVER FOR SILICON VALLEY BANK,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY BECKER, et al.,<br><br>Defendants. | Case No. 5:25-cv-00569-NW<br><br>**DEFENDANT GREGORY BECKER'S NOTICE OF JOINDER AND JOINDER IN MOTIONS TO DISMISS**<br><br>Date: September 10, 2025<br>Time: 9:00 A.M.<br>Judge: Honorable Noël Wise<br>Ctrm: 3, 5th Floor |

Defendant Gregory Becker was the CEO of Silicon Valley Bank ("SVB") and SVB Financial Group ("SVBFG"). Compl. ¶¶ 8, 26. He also served as a director of both entities. *Id.* As the only defendant to have served as both an officer *and* director, Mr. Becker joins in full both the Officer Defendants' Motion to Dismiss (ECF No. 99, the "Officers' Motion") and the Director Defendants' Motion to Dismiss (ECF No. 103, the "Directors' Motion"). The Officers' Motion and the Directors' Motion articulate ample independent reasons to dismiss all of the FDIC-R's claims against all Defendants. Mr. Becker submits this joinder to highlight two reasons why the FDIC-R's allegations are uniquely deficient as to him.

**<u>First</u>**, as the Complaint acknowledges, Mr. Becker is the only one of the six Officer Defendants who did not serve on SVB's Asset Liability Management Committee (the "ALCO"). Compl. ¶ 27. The Complaint alleges that the ALCO "had responsibility to monitor changes in the composition of SVBFG's and SVB's assets," and to advise "senior management on the appropriate use of Company resources to position the balance sheet for minimal liquidity risk." *Id.* ¶ 39. The alleged work of the ALCO, and the nature of the information allegedly provided to the ALCO and discussed at ALCO meetings, feature prominently in the Complaint. *See, e.g., id.* ¶ 49 ("This investment strategy exposed SVB to severe interest-rate risk of which the Officer Defendants on the [ALCO] were fully on notice."); *see also id.* ¶¶ 48, 69, 72, 76, 78, 81, 84, 85, 86, 108 (other allegations relating to the ALCO).

The Complaint repeatedly relies on group pleading against the "Officer Defendants," a term defined to include Mr. Becker. *See* Compl. at 1. As explained in the Officers' Motion (at Section III.A), the Complaint's broad allegations against an undifferentiated group of "Officer Defendants" fail to satisfy Rule 8 because they do not "alert [each Officer Defendant] as to what [they] allegedly did or how [their] conduct gives rise to liability." *Walden v. Cooper Cos.*, 2024 WL 4261498, at *4 (N.D. Cal. Sept. 9, 2024). This pleading failure is even more acute with respect to Mr. Becker because the claims against the "Officer Defendants" are premised in substantial part on the allegations about the ALCO—a committee on which Mr. Becker did not serve.[1]

---

[1] Mr. Becker disputes that the FDIC-R has pled plausible claims based on actions taken by the ALCO in any event.

1

For example, the Complaint alleges that a November 17, 2020 presentation to the ALCO warned that continued investment in long-term securities would result in increased risk exposure, and further advised "that the committee should seek to reduce the duration of purchased securities to 3 years[.]" Compl. ¶ 69. But the Complaint then goes on to allege that "[o]ver the next two years, the **Officer Defendants** . . . ignored these target durations for SVB's investment portfolio[.]" *Id.* ¶ 71 (emphasis added). Left unexplained is how Mr. Becker—who was not a member of the ALCO—was informed about the alleged "target durations."

Another example: the Complaint alleges that in the event of a breach of EVE-at-Risk limits, "[m]embers of the [ALCO] . . . had a responsibility to review and approve [a] mitigation strategy." *Id.* ¶ 78. There is no allegation that Mr. Becker, a non-member of the ALCO, had any such "responsibility." Yet in the very next paragraph, the Complaint alleges that in response to certain breaches, "the **Officer Defendants** . . . took no action to correct the continuous and material breaches." *Id.* ¶ 79 (emphasis added).

Worse still, the Complaint alleges that the "Officer Defendants . . . continued to approve increased investments in long-term securities that heightened SVB's exposure and risk to an increase in interest rates." *Id.* But the Complaint nowhere alleges that Mr. Becker, again an undisputed non-member of the ALCO, played any role in approving investment strategy. *See id.* ¶ 39 (alleging that the ALCO had responsibility to "review and approve strategies recommended by management that promote optimal financial performance while managing financial risks[.]").

Plaintiff's "failure to allege what role [Mr. Becker] played in the alleged harm makes it exceedingly difficult, if not impossible, for [him] to respond to [the complaint's] allegations." *In re iPhone Application Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011). This failure requires dismissal of the claims against Mr. Becker.

**Second**, the Complaint fails to delineate any actions allegedly taken by Mr. Becker specifically in his role as an officer, as opposed to actions taken in his role as a director. This failure to distinguish between Mr. Becker's dual roles means that, as numerous courts applying California and Delaware law

have acknowledged,[2] the sufficiency of the FDIC-R's claims against him must be evaluated with reference to the heightened legal protections afforded to SVB's directors. *See* Directors' Motion, Section IV.A.1 (explaining applicability of the business judgment rule and the exculpation clause in SVB's Articles of Incorporation, which combine to eliminate liability of directors for all but gross negligence, recklessness, or intentional misconduct); *see also In re AWTR Liquidation Inc.*, 548 B.R. 300, 320 (Bankr. C.D. Cal. 2016) (finding that plaintiff could not avoid application of the business judgment rule at the pleading stage given failure to distinguish defendants' alleged conduct as directors from conduct as officers); *In re IT Grp. Inc.*, 2005 WL 3050611, at *11 (D. Del. Nov. 15, 2005) ("[S]ince no allegations are made against DeLuca based on his actions as an officer separate from those as a director, he is treated as a director for purposes of the Motion to Dismiss for failure to state a claim[.]"); *Gera v. Palihapitiya*, 2024 WL 3818602, at *10 (D. Ariz. Aug. 14, 2024) (applying exculpatory clause at pleading stage where plaintiff "failed to highlight any specific actions [that these Defendants] undertook as [ ] officer[s] (as distinct from actions as a director).'") (alterations in original) (quoting *Arnold v. Soc'y for Sav. Bancorp, Inc.*, 650 A.2d 1270, 1288 (Del. 1994)); *In re Cap. One Derivative S'holder Litig.*, 979 F. Supp. 2d 682, 692 (E.D. Va. 2013) ("The duty of care claim against Fairbank fails because plaintiffs have neither pled facts, nor forecasted facts, that would support an inference that Fairbank acted in bad faith or that he was acting *solely* in his capacity as an officer when he acted or failed to act as alleged.") (emphasis in original); *Lemond v. Manzulli*, 2009 WL 1269840, at *5 n.5 (E.D.N.Y. Feb. 9, 2009) ("Where the plaintiff fails to distinguish actions taken as an officer from actions taken as a director, defendants serving in a dual role will be shielded by a[n exculpatory] provision.").

The claims against Mr. Becker are deficient and must be dismissed under the legal standards applicable to the conduct of corporate officers, for the reasons set forth in the Officers' Motion. But the additional protections afforded to *directors*, as described in the Directors' Motion, are applicable here given the Complaint's failure to allege conduct by Mr. Becker specifically in his role as a corporate

---

[2] The Court can look to decisions construing Delaware law because "California courts have routinely relied 'on corporate law developed in the State of Delaware given that it is identical to California corporate law for all practical purposes.'" *Kanter v. Reed*, 92 Cal. App. 5th 191, 208 (2023) (quoting *Oakland Raiders v. Nat'l Football League*, 93 Cal. App. 4th 572, 586 n.5 (2001)).

officer. Those protections for directors bolster the grounds for dismissal of the claims against Mr. Becker.

For these reasons, and the additional reasons set forth in the Officers' Motion and the Directors' Motion, Mr. Becker respectfully requests that the Court dismiss the Complaint in its entirety.

Dated:   April 16, 2025                         Respectfully submitted,

                                                ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                 /s/ James N. Kramer
                                                James N. Kramer (SBN 154709)
                                                jkramer@orrick.com
                                                The Orrick Building
                                                405 Howard Street
                                                San Francisco, CA  94105
                                                Telephone:    +1 415 773 5700
                                                Facsimile:    +1 415 773 5759

                                                Kevin M. Askew (SBN 238866)
                                                kaskew@orrick.com
                                                355 S. Grand Ave., Ste. 2700
                                                Los Angeles, CA 90071
                                                Telephone:    +1 213 612 2477

                                                James D. Houghton (*pro hac vice*)
                                                jhoughton@orrick.com
                                                222 Berkeley St., Ste. 2000
                                                Boston, MA 02116
                                                Telephone:    +1 617 880 1800

                                                Attorneys for Defendant Gregory Becker