July 21, 2025

**Via ECF**

The Honorable Nathanael M. Cousins
United States Magistrate Judge
United States District Court
for the Northern District of California
Courtroom 5, 4th Floor
280 South 1st Street
San Jose, CA 95113

Re:   *Federal Deposit Ins. Corp. as Receiver for Silicon Valley Bank v. Becker, et al.*
      Case No. 5:25-cv-00569-NW

## JOINT STATEMENT ON DISCOVERY DISPUTE

Dear Judge Cousins:

      Pursuant to this Court's Civil Standing Order, Defendant Gregory Becker ("Mr. Becker") and Plaintiff Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank ("FDIC-R") respectfully submit this joint statement regarding a discovery dispute. The FDIC-R is scheduled to depose Mr. Becker on September 11, 2025, as a third-party witness in another action pending in this District. Mr. Becker contends that because the two actions involve virtually identical factual allegations, his depositions in the two actions should be coordinated and the FDIC-R should notice the upcoming deposition to take place simultaneously in this case. The FDIC-R contends that it should not be required to conduct Mr. Becker's deposition in this action before he answers the complaint and document production is complete. The parties have met and conferred in good faith, via video conference, and have been unable to reach a resolution.

      Respectfully submitted,

      ORRICK, HERRINGTON & SUTCLIFFE LLP

      */s/ James N. Kramer*
      James N. Kramer
      Attorneys for Defendant Gregory Becker

      ARENTFOX SCHIFF LLP

      */s/ Lawrence Heftman*
      Lawrence Heftman
      Attorneys for Plaintiff FDIC-R

The Honorable Nathanael M. Cousins
July 21, 2025
Page No. 2

## Mr. Becker's Position

In this case (the "D&O Litigation"), the FDIC-R has sued Mr. Becker and 16 other former directors and officers of Silicon Valley Bank ("SVB"), asserting claims for negligence and breach of duty. Discovery in the D&O Litigation is well under way: the parties held their Rule 26(f) conference more than four months ago; requests for production have been served; and a significant volume of documents has been produced. Even before this litigation began, the FDIC-R obtained access to millions of SVB documents through its receivership of the bank and via administrative subpoenas.

Now, the FDIC-R is set to take Mr. Becker's deposition on September 11, 2025. But not in this case. Instead, the FDIC-R, represented by the same counsel representing it in this case, will depose Mr. Becker in a separate case pending in this district—*SVB Financial Trust v. FDIC-R*, Case No. 24-cv-1321-BLF (the "Trust Litigation"). The FDIC-R's depositions of Mr. Becker in the D&O Litigation and the Trust Litigation should be coordinated. The two actions, by the FDIC-R's own admission, involve virtually identical factual allegations. Coordinating Mr. Becker's deposition across the two actions will materially reduce burden, expense, and duplication, without prejudicing the FDIC-R. Accordingly, Mr. Becker seeks an order directing the FDIC-R to notice the deposition already scheduled for September 11 to take place simultaneously in the D&O Litigation.

**Background.** The plaintiff in the Trust Litigation is the SVB Financial Trust (the "Trust")—the successor-in-interest to SVB's former parent company. The Trust filed suit against the FDIC-R in March 2024, alleging that the FDIC-R wrongfully blocked access to $1.93 billion of the Trust's deposits held at SVB. In January 2025, the FDIC-R filed its Answer to the Trust's Complaint (Trust Litigation, ECF No. 135), asserting that the Trust is liable for aiding and abetting breaches of fiduciary duty by SVB's directors and officers—the same 17 directors and officers named as defendants in the D&O Litigation. According to the FDIC-R, the Trust's liability for those alleged breaches operates as a setoff against all of the Trust's claims. The Answer includes 114 paragraphs of factual allegations, in which the FDIC-R asserts that SVB's directors and officers mismanaged SVB's liquidity and interest rate risk.

Six days after filing its Answer in the Trust Litigation, the FDIC-R filed its Complaint in this case. *See* ECF No. 1. The core factual allegations of the FDIC-R's claims in its Complaint are, in substance, nearly identical to those in the Answer in the Trust Litigation. In both pleadings, the FDIC-R—represented by the same counsel in both cases—asserts that an identical group of 17 SVB directors and officers bears responsibility for allegedly mismanaging liquidity and interest rate risk. The allegations are not merely similar in theme—they are, in many instances, recited in nearly verbatim language, with the same chronology, actors, and specific events described in both pleadings. The only material distinction is the procedural posture: in this case, these factual allegations are advanced as the basis for affirmative relief against the directors and officers; in the Trust Litigation, the same allegations are marshaled as the foundation for setoff and other affirmative defenses.

The FDIC-R does not meaningfully dispute that these two cases share a common nucleus of facts.[1] Indeed, the FDIC-R moved to consolidate the two actions in April 2025, arguing that

---

[1] The FDIC-R's argument below overstates the extent to which there are "distinct . . . factual issues" between the cases. The FDIC-R contends that the issues in the Trust Litigation are different because it alleges there that SVB's "holding company, SVBFT, aided and abetted fiduciary breaches to [SVB] and that agents of the holding company committed tortious acts." But these

The Honorable Nathanael M. Cousins
July 21, 2025
Page No. 3

the two cases "depend on the same facts and transactions [and] share a very large number of the same key witnesses," and thus that "consolidation will promote significant efficiencies," including "avoid[ing] forcing [the] witnesses to appear multiple times to testify at depositions." Trust Litigation, ECF No. 178 at 1, 3.

Judge Freeman declined to relate or consolidate the two actions, holding that the two actions were not sufficiently related, and also finding that the two actions were "in different stages" and thus consolidation would delay the Trust Litigation. Trust Litigation, ECF No. 194 at 3. But following Judge Freeman's denial of the motion to consolidate, the parties in the Trust Litigation stipulated to "streamline the litigation" by agreeing that the FDIC-R's liability to the Trust "shall be in the amount of $1,710,000,000," provided that this liability will be reduced or eliminated to the extent that the FDIC-R prevails on its remaining affirmative defenses. Trust Litigation, ECF No. 208. In other words, the *only* issues remaining to be litigated in the Trust Litigation are those relating to the Trust's affirmative defenses—involving the exact same factual allegations made by the FDIC-R in support of its affirmative claims in the D&O Litigation.

The FDIC-R has subpoenaed Mr. Becker to sit for a deposition in the Trust Litigation on September 11, 2025. The fact discovery cutoff in the Trust Litigation is September 23, 2025.

**Mr. Becker's Depositions in the Two Cases Should Be Coordinated.** Given the substantial overlap between the Trust Litigation and the D&O Litigation, Mr. Becker asked the FDIC-R to notice his deposition to take place simultaneously in both cases. The FDIC-R refused, instead insisting that it will take one deposition of Mr. Becker in the Trust Litigation—obtaining testimony that it will likely seek to introduce into evidence in the D&O Litigation—and then later take another deposition of Mr. Becker in the D&O Litigation. That approach would be burdensome, inefficient, and prejudicial to Mr. Becker.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from undue burden or expense, including [an order] specifying terms . . . for the disclosure or discovery." The Court should order the FDIC-R to notice its deposition of Mr. Becker, for both cases, in one coordinated session. Discovery in the D&O Litigation is under way. It is not, as the FDIC-R contends, "premature" to take Mr. Becker's deposition in this case. The FDIC-R does not need additional document discovery before it can do so. The FDIC-R has long been in possession of millions of SVB documents as well as documents produced by Mr. Becker during the FDIC-R's pre-suit investigation. If the FDIC-R truly needed additional documents before proceeding with depositions, it would have—but has not—served document requests in the D&O Litigation sometime in the four months since the parties held their Rule 26(f) conference. The FDIC-R is simply seeking to gain a tactical advantage by retaining the right to depose Mr. Becker concerning the same facts on two separate occasions.

Importantly, the FDIC-R would not be left without a remedy in the event that developments in discovery, or additional pleadings, necessitate additional deposition time with Mr. Becker. If the FDIC-R contends at a future date that there are changed circumstances warranting an additional deposition, we will meet and confer in good faith. The FDIC-R would also retain the right to seek leave from this Court to take an additional deposition of Mr. Becker in the D&O Litigation, pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii). However, the default presumption

---

alleged "agents of the holding company" are the same 17 directors and officers of SVB who are named as defendants in this case, and the "tortious acts" they are alleged to have committed in the Trust Litigation are the same alleged actions that form the basis of the FDIC-R's breach of duty claims here.

should be that Mr. Becker's deposition will be completed in one session—not that the FDIC-R has carte blanche to take two completely separate depositions of Mr. Becker on what everyone agrees are the same set of facts.

Finally, the fact that Judge Freeman did not consolidate or relate the two cases does not preclude coordination of depositions. "[E]ven without formal consolidation, the parties can schedule depositions such that any witness with information relevant to both cases is deposed only once." *Hicks v. Grove*, 2014 WL 768685, at *2 (D. Md. Feb. 25, 2014) ("[T]o save the parties and the witnesses the time and expense of conducting separate depositions, and to avoid establishing the same background facts twice . . . I will require a single deposition of those witnesses with knowledge of facts pertinent to both cases."); *Arnold v. City of Columbus*, 2009 WL 10679012, at *2 (S.D. Ohio Mar. 23, 2009) (declining to consolidate cases but noting that "if the same investigators have testimony that is relevant to all four cases, the parties may either agree to, or request the Court to order, consolidated depositions"). The FDIC-R contends below that Mr. Becker should have "supported consolidation" before Judge Freeman if he cared about coordinating depositions. But notwithstanding that Mr. Becker took no position on whether the two cases should be consolidated *for trial*, he has consistently taken the position—including before Judge Freeman—that *depositions* should be coordinated. *See* Trust Litigation, ECF No. 181-1 at 4 (arguing that "regardless of consolidation, each D&O Defendant should be subject to no more than a single deposition of no more than the usual seven hours, across the Trust Actions and D&O Action.").

Mr. Becker respectfully requests that the Court direct the FDIC-R to notice the deposition already scheduled for September 11 in the Trust Litigation to take place simultaneously in the D&O Litigation.

### **FDIC-R's Position**

The Court should not compel the FDIC-R to conduct a premature deposition of Gregory Becker. This case is at the pleading stage, motions to dismiss are pending, no answers have been filed, and document discovery is ongoing. At this preliminary stage, Becker's extraordinary request to compel the FDIC-R to notice his deposition in this action is meritless.

Becker is a central witness in both this litigation and litigation pending before Judge Freeman, *SVBFT v. FDIC-R*, Case No. 24-cv-1321 ("Holding Company Case"). Becker is the former Chief Executive Officer of both Silicon Valley Bank ("Bank") and its parent, now known as SVB Financial Trust ("SVBFT"), and was a member of the Boards of Directors of both entities. Becker is being deposed on September 11, 2025, in the Holding Company Case because fact discovery is scheduled to close on September 23, 2025. That he will soon be deposed in the Holding Company Case provides no basis to compel the FDIC-R to cross-notice his deposition and lose the opportunity to depose him at the appropriate time in this case.

Becker's emphasis on the FDIC-R's prior efforts to consolidate these actions is misplaced. Becker, along with the other defendants in this action, took no position on consolidation. *SVBFT v. FDIC-R*, Case No. 24-cv-1321, ECF No. 181 (April 18, 2025). If Becker desired a single deposition, then he could have supported consolidation on that basis. Becker now tactically seeks the benefits of consolidation without having supported such relief because Becker, along with the other defendants, did not want to conduct discovery on the more condensed schedule in place in the Holding Company Case. Judge Freeman has rejected consolidation and the FDIC-R's efforts for entry of a schedule that would have permitted discovery coordination between the two cases

(*e.g.,* 24-cv-1321, ECF Nos. 136 and 150), reasoning that the two cases "do not concern substantially the same parties, property, transaction, or event" and "are in different [procedural] stages[.]" 24-cv-1321, ECF No. 194 at 3 (May 2, 2025); *see also* 24-cv-1321, ECF Nos. 218, 234.

Becker's request is essentially a premature motion for protective order attempting to put the burden on the FDIC-R to prove now why it is entitled to depose Becker at a future time in this case. Becker's request raises a premature dispute and is meritless.

First, Becker's request is premature because Becker is a third party in the Holding Company Case, and there is no pending notice for his deposition in this case. When the FDIC-R timely notices his deposition in this case, the parties can confer and, if Becker opposes the deposition, he can move for a protective order seeking to prevent his deposition or limit the scope of his deposition. At that juncture, the parties will be able to discuss the scope of the dispute over that deposition with a complete record.

Second, Becker's extraordinary demand that the FDIC-R now depose Becker in this case is unreasonable because it is too early in this litigation for the FDIC-R to depose Becker and it would prejudice the FDIC-R to have to do so. Defendants have not answered the complaint. The FDIC-R is entitled to know what defenses the defendants will raise before depositions take place because defenses are foundational to discovery. Fed. R. Civ. P. 26(b)(1). Furthermore, written discovery is ongoing. Becker and the other defendants are still seeking additional documents from the FDIC-R despite the FDIC-R's prompt production of over 4 million documents. The FDIC-R should have a complete document production in this case prior to deposing Becker so it can use the full set of documents produced in this case in his deposition. Additional third-party discovery may also be required and will inform Becker's deposition. The FDIC-R should not be compelled to depose Becker in this case until Becker answers the complaint, written discovery is complete, and all parties are working from a complete factual record.

In contrast, in the Holding Company Case, the parties substantially completed document productions months ago, depositions are ongoing, and oral discovery closes in two months. While the FDIC-R had attempted to consolidate the two cases and align the two cases schedules without Becker's support, Judge Freeman denied that motion. Because the case management schedules in the two cases do not align and because of the preliminary procedural posture of this case, it is premature for the FDIC-R to depose Becker, and the sort of discovery coordination contemplated by Becker's request is impractical and prejudicial to the FDIC-R.

Third, there is no legal basis for Becker's request. *See Rubio v. City of Visalia*, No. 121CV00286DADSAB, 2022 WL 193072, at *4 (E.D. Cal. Jan. 21, 2022). In *Rubio* the court denied a request for a single deposition to cover two cases where, like here, the witness was a third party in one case and a party in a second case. The court reasoned that the individual's testimony in the two cases was likely to be different in subject matter and scope and that it would be improper to foreclose the "right to pursue issues that may newly arise in the second case, in which [the witness] is a party [] and not just a percipient witness." *Id.* at *3; *see also S.E.C. v. Berry*, No. C07-03798 JW (HRL), 2009 WL 2079420 (N.D. Cal. July 14, 2009) (denying defendant's motion for protective order seeking a single two-day deposition of the defendant to cover two cases because the defendant's party- and third-party roles "serve different functions and may elicit different types of questions and responses," and because of differences in the scope of the subject matter at issue).

So too here. There are distinct factual and legal issues between the Holding Company Case and this case. In the Holding Company Case, the FDIC-R alleges that the Bank's holding company, SVBFT, aided and abetted fiduciary breaches to the Bank and that agents of the holding company

committed tortious acts. Furthermore, the FDIC-R has pleaded an insolvency claim alleging that the Bank was insolvent at the time of a dividend from the Bank to SVBFT. In contrast, the FDIC-R's claim against Becker solely concerns his negligence, gross negligence, and breaches of fiduciary duties to the Bank. While there is factual overlap as to the breaches of duty, portions of Becker's deposition in the Holding Company Case will focus on the issues unique to that action.

Becker's reliance upon two out of circuit cases is misplaced. *See Arnold v. City of Columbus*, 2009 WL 10679012 (S.D. Ohio Mar. 23, 2009); *Hicks v. Grove*, 2014 WL 768685 (D. Md. Feb. 25, 2014). In *Arnold*, the court denied consolidation of four employment discrimination actions filed against the same defendant, noted that the parties could consider moving for entry of similar or identical case management schedules, and noted that the parties could consider agreeing to or requesting that the court order consolidated depositions. *Arnold*, 2009 WL 10679012 at *2. The court in *Arnold* did not order a single deposition of any witness even though the same defendant was a party to all actions. In *Hicks*, the court denied a motion to consolidate two constitutional due process cases brought by an inmate but ordered single depositions to save time and expense and "to avoid establishing the same background facts twice—such as a witness's personal information, educational background, and employment history[.]" *Hicks*, 2014 WL 768685 at *2.

Here, given that this case does not yet have deadlines for close of oral discovery and oral discovery closes in the Holding Company Action in September 2025, the case schedules are incompatible with the deposition coordination ordered in *Hicks* and contemplated as a potential option in *Arnold*. Moreover, this case and the Holding Company Action involve complex and unique factual issues such that a single, seven-hour deposition to cover both cases is impractical. Furthermore, neither *Hicks* nor *Arnold* addresses the circumstances at issue here—and in *Rubio* and *Berry*—where the deponent was a party in one case and a third-party witness in another case. The courts in *Rubio* and *Berry* declined to order single, combined depositions primarily because, among other reasons, the different functions and role of a party versus third-party. The same result should apply here.

Lastly, Becker is central to both cases such that it is reasonable to have more than seven record hours to depose him in any event. As CEO of the Bank, Becker was at the heart of the defendants' misconduct. Regardless, the FDIC-R is entitled to depose Becker in this action. That presumption should guide the Court's resolution of this dispute. That Becker will also be deposed as a third party in a different and distinct action does not create an undue burden. This is a factually intensive case concerning multiple years of mismanagement of one of the largest, and costliest, failed banks in U.S. history. Requiring the CEO of that bank to give sworn testimony on more than one occasion in separate lawsuits is hardly an undue burden. Given the circumstances, the FDIC-R could fairly seek more than seven hours of record time irrespective of the Holding Company Case. The Court should not prematurely cut off the FDIC-R's ability to depose Becker in this action at the appropriate stage with a full record.

Becker claims the FDIC-R should be compelled to notice Becker's deposition now in this action and then justify a future deposition. That has it backwards. The presumption is the FDIC-R is entitled to depose Becker as a party to this action, and it is Becker who, at the appropriate time once depositions in this case proceed, bears the burden of resisting that deposition by seeking a protective order. Becker's request should be denied.

The Honorable Nathanael M. Cousins
July 21, 2025
Page No. 7

## CIVIL L.R. 5-1 ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), I, James N. Kramer, am the ECF user whose ID and password are being used to file this JOINT STATEMENT ON DISCOVERY DISPUTE. In compliance with General Order 45, X.B., I hereby attest that counsel for the FDIC-R has concurred in this filing.



*/s/ James N. Kramer*
James N. Kramer