Jessica L. Lewis (CA SBN 302467)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 600-5186
Facsimile: (650) 858-6100
jessica.lewis@wilmerhale.com

Michael A. Mugmon (CA SBN 251958)
WILMER CUTLER PICKERING
HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001
michael.mugmon@wilmerhale.com

*Counsel for Defendants Eric Benhamou, Elizabeth Burr, Richard Daniels, Alison Davis, Roger Dunbar, Joel Friedman, Jeffrey Maggioncalda, Beverly Kay Matthews, Mary Miller, Kate Mitchell, John Robinson, and Garen Staglin*

Philip D. Anker (appearance pro hac vice)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
philip.anker@wilmerhale.com

Timothy J. Perla (appearance pro hac vice)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
timothy.perla@wilmerhale.com

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE SVB FINANCIAL GROUP SECURITIES LITIGATION | Master File No. 5:23-cv-01097-NW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><u>CLASS ACTION</u><br><br>Judge: Hon. Noël Wise |

[Additional captions below.]

TIAA-CREF INVESTMENT MANAGEMENT, LLC, et al.,

Plaintiffs,

vs.

GREGORY W. BECKER, et al.,

Defendants.

Case No. 5:24-cv-00478-NW

**JOINT CASE MANAGEMENT STATEMENT**

Judge: Honorable Noël Wise

STEVEN J. BUCHANAN,

Plaintiff,

v.

GREG W. BECKER, et al.,

Defendants.

Case No. 5:24-cv-02684-NW

**JOINT CASE MANAGEMENT STATEMENT**

Judge: Honorable Noël Wise

FEDERAL DEPOSIT INSURANCE CORP., AS RECEIVER FOR SILICON VALLEY BANK,

Plaintiff,

vs.

GREGORY BECKER, et al.,

Defendants.

Case No. 5:25-cv-00569-NW

**JOINT CASE MANAGEMENT STATEMENT**

Judge: Honorable Noël Wise

In the above-captioned **Securities Actions**[1] and **D&O Action**,[2] counsel for **Securities Plaintiffs**,[3] Plaintiff Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank ("**FDIC-R**"), **Securities Defendants**,[4] and **D&O Defendants**[5] (collectively the "**Parties**") respectfully submit this Joint Case Management Statement pursuant to this Court's December 15, 2025 Notice Setting Further Case Management Conference (Class Action at ECF No. 243; D&O Action at ECF No. 161), this Court's Standing Order for All Civil Cases, the Standing Order for All Judges of the Northern District of California, Local Civil Rule 16-9, and Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

Pursuant to this Court's December 15, 2025 Minute Entry (Class Action at ECF No. 242; D&O Action at ECF No. 160), this Joint Case Management Statement also addresses issues or updates in the Class Action, *Buchanan* Action, *TIAA* Action, and D&O Action, which are also scheduled to be heard at the May 5, 2026 Further Case Management Conference.

For the sake of efficiency, the parties to the *TIAA* Action and *Buchanan* Action do not restate the

[1] **Securities Actions:** *In re SVB Financial Group Securities Litigation*, No. 23-cv-01097-NW (the "**Class Action**"), *Buchanan v. Becker, et al.*, No. 24-cv-02684-NW (the "***Buchanan*** **Action**"), and *TIAA-CREF Investment Management, LLC, et al. v. Becker, et al.*, No. 24-cv-00478-NW (the "***TIAA*** **Action**").

[2] **D&O Action**: *Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank v. Becker et al.*, No. 5:25-cv-00569-NW.

[3] The **Securities Plaintiffs**, referred to individually as "Plaintiff(s)," are as follows:

- Class Action: Lead Plaintiffs Norges Bank and Sjunde AP-Fonden, and Additional Plaintiffs Asbestos Workers Philadelphia Welfare and Pension Fund, and Heat & Frost Insulators Local 12 Funds;
- *TIAA* Action: Teachers Insurance and Annuity Association of America and certain subsidiaries, funds, and accounts.
- *Buchanan* Action: Steven J. Buchanan;

[4] The **Securities Defendants** consist of the following individuals and entities:

- "**Individual Defendants**": Gregory W. Becker, Daniel J. Beck, Karen Hon, Roger F. Dunbar, Beverly Kay Matthews, Eric A. Benhamou, Elizabeth Burr, John S. Clendening, Richard D. Daniels, Alison Davis, Joel P. Friedman, Jeffrey N. Maggioncalda, Mary J. Miller, Kate D. Mitchell, John Robinson, and Garen K. Staglin;
- "**Underwriter Defendants**": Goldman Sachs & Co. LLC, BofA Securities, Inc., Morgan Stanley & Co. LLC, and Keefe, Bruyette & Woods, Inc.;
- "**KPMG**": KPMG LLP.

[5] The **D&O Defendants** refer to the following individuals: Gregory W. Becker, Daniel J. Beck, Marc Cadieux, Michael Descheneaux, Michael Kruse, Laura Izurieta, Roger F. Dunbar, Beverly Kay Matthews, Eric A. Benhamou, Elizabeth Burr, Richard D. Daniels, Alison Davis, Joel P. Friedman, Jeffrey N. Maggioncalda, Mary J. Miller, Kate D. Mitchell, and Garen K. Staglin.

complete contents from their prior Case Management Conference Statement for each section below. Rather, the parties in the *TIAA* Action and the *Buchanan* Action have focused on addressing those sections of the Joint Case Management Statement that they believe may be relevant to the *TIAA* and *Buchanan* Actions. The parties in the *TIAA* and *Buchanan* Actions will be prepared to address any questions the Court has related to those actions at the conference, and respectfully refer the Court to the prior Joint Case Management Statement submissions made in each of those actions to the extent the Court requires any additional background not addressed herein (*TIAA* Action at ECF No. 139; *Buchanan* Action at ECF No. 113).

**1. Jurisdiction & Service**

Securities Actions:

The Court has subject matter jurisdiction over the Securities Actions pursuant to 28 U.S.C. §§ 1331 and 1337, Section 27 of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78aa), and Section 22 of the Securities Act of 1933 ("Securities Act") (15 U.S.C. § 77v). There are no issues pending concerning venue. All Parties have been served.

D&O Action:

The Court has subject-matter jurisdiction over the D&O Action under 12 U.S.C. § 1819(b)(1) and (2) and 28 U.S.C. §§ 1331 and 1345. All Defendants have waived service of process. *See* D&O Action at ECF Nos. 10–12, 14–16, 42–52. There are no issues regarding personal jurisdiction or venue.

**2. Facts**

Securities Actions:

Class Plaintiffs filed the Consolidated Amended Class Action Complaint (the "**Complaint**," ECF No. 88) on January 16, 2024. The Complaint asserts claims for violations of Sections 10(b), 20(a), and 20A of the Exchange Act against Defendants Becker and Beck, individually and on behalf of all persons and entities who purchased or otherwise acquired the common stock of Silicon Valley Bank Financial Group ("**SVB**"), the parent company of Silicon Valley Bank, between January 21, 2021, and March 10, 2023, inclusive (the "**Class Period**"), and were damaged thereby. The Complaint also asserts violations of Section 11 of the Securities Act against the Individual Defendants, the Underwriter Defendants and KPMG; violations of Section 12(a)(2) of the Securities Act against the Underwriter Defendants; and

violations of Section 15 of the Securities Act against the Individual Defendants, individually and on behalf of the persons and entities who purchased SVB securities in or traceable to the bank's eleven securities offerings during the Class Period (the "**Offerings**").

A more thorough description of the Plaintiffs' and Defendants' separate views of the chronology of relevant facts is set forth in, respectively, the Complaint (ECF No. 88) and Defendants' motions to dismiss the Complaint (ECF Nos. 121, 123, 125).

In summary, during the Class Period, Plaintiffs allege that Defendants made statements regarding, among other things, SVB's risk management controls, liquidity management, interest rate risk management, and held-to-maturity securities portfolio (with respect to the Securities Act claims, these statements are limited to those contained in the offering materials). Plaintiffs allege that Defendants' statements during the Class Period were materially false and misleading when made. *See* ECF Nos. 88-1 (the "Exchange Act Challenged Statements") & 88-2 (the "Securities Act Challenged Statements") (collectively, the "Challenged Statements"). Plaintiffs further allege that the Challenged Statements artificially inflated the value of SVB's securities and, when the truth was revealed through a series of disclosures and/or materializations of risk, investors suffered losses. Defendants deny all liability, deny that the Challenged Statements are actionable, or were otherwise false or misleading when made, and assert that any actionably omitted facts were disclosed and known to investors during the Class Period. Similarly, Defendants deny that any statements were made with the requisite intent to defraud investors or caused Plaintiffs any losses.

<u>D&O Action:</u>

**a. <u>D&O Defendants' Statement</u>:**

On March 9, 2023, SVB experienced an unprecedented bank run. SVB was put into FDIC receivership on March 10, 2023; its parent company, SVB Financial Group ("SVBFG"), filed for bankruptcy a week later. On January 16, 2025, the FDIC-R filed its Complaint against the D&O Defendants. *See* D&O Action at ECF No. 1. The Complaint asserts claims for negligence against Defendants Becker, Beck, Cadieux, Descheneaux, Kruse, and Izurieta and gross negligence and breach of fiduciary duty against all D&O Defendants. The FDIC-R alleges that D&O Defendants mismanaged SVB's securities portfolio, improperly removed its interest rate hedge protection, and issued an imprudent

$294 million bank-to-parent dividend. The D&O Defendants dispute all such allegations which, they submit, are based on 20/20 hindsight and a narrative that is contrary to the actions of the D&O Defendants at the time the relevant events unfolded.

**b. <u>FDIC-R's Statement</u>:**

As detailed in the FDIC-R's complaint, this is an action to recover for enormous losses that SVB suffered because its former directors and principal officers, the D&O Defendants in this action, gambled depositors' funds on the direction of interest rates in violation of their fiduciary duties to the Bank. The FDIC-R brought this case consistent with its congressionally mandated responsibility to bring claims to recover for injuries to SVB as the statutory successor to the Bank's rights. The FDIC-R's billions of dollars of damages in this case arise from three categories of negligent and grossly negligent conduct. First, certain of the D&O Defendants purchased long-term, fixed rate securities with massive interest rate risk, despite ongoing material violations of the Bank's own internal interest rate risk limits. Contrary to the D&O Defendants' mistaken contention, this is not an issue of hindsight because the Bank's own internal interest rate risk limits forecasted the very risk and harm that ultimately materialized at SVB. Second, certain of the D&O Defendants imprudently sold interest rate hedges and retained the underlying securities completely unhedged while in breach of interest rate risk limits, thereby removing the Bank's only limited "insurance" that would partially protect certain securities from rising interest rates. Third, certain of the D&O Defendants caused the Bank to pay an improper dividend to the Bank's holding company at a time when the Bank was in dire financial condition and mere months before the Bank's failure.

**3. Legal Issues**

<u>Securities Actions:</u>

Following the Court's June 13, 2025 Order Denying Exchange Defendants', KPMG, and Securities Defendants' Motions to Dismiss (Class Action, ECF No. 180), the key legal issues in dispute include:

- Whether Defendants Becker and Beck are liable under Sections 10(b), 20(a), and 20A of the Exchange Act;
- Whether the Individual Defendants, Underwriter Defendants, and KPMG are liable under Section 11 of the Securities Act;
- Whether the Individual Defendants are liable as controlling persons under Section 15 of the

Securities Act;

- Whether the Underwriter Defendants are liable under Section 12(a)(2) of the Securities Act;
- Whether Plaintiffs and the Class are entitled to the relief sought in the Complaint, including damages; and
- Whether a class can be certified under Fed. R. Civ. P. 23.

A more detailed description of the legal issues in dispute in the *TIAA* Action and the *Buchanan Action* can be found at ECF No. 139 (*TIAA* Action) and ECF No. 133 (*Buchanan* Action).

D&O Action:

The key legal issues in dispute include whether the officer defendants were negligent and whether the director defendants were grossly negligent and/or breached their fiduciary duties to SVB, and whether those alleged breaches of duty harmed SVB. The D&O Defendants contend that another key legal issue is whether the FDIC-R's own actions caused some or all of the losses at issue.

**4. Motions**

**A. Pending Motions**

Securities Actions:

On January 9, 2026, Plaintiffs filed their motion to Certify Class and Appoint Class Representatives, and Appoint Class Counsel (the "Class Certification Motion"), which Defendants opposed (ECF Nos. 251, 268-70). Following Plaintiffs' March 20, 2026 Reply in support of their Class Certification Motion (ECF No. 285), on March 26, 2026, Defendants filed administrative motions seeking leave to file a sur-reply. (ECF Nos. 291, 294). Plaintiffs opposed these motions. (ECF Nos. 299, 300). There are also related sealing motions that were filed in connection with the above-referenced submissions. *See* ECF Nos. 252, 257, 272, 273, 278, 284, 289, 290, 295, 299, and 301.

There are currently no motions pending before the Court in the *TIAA* Action or the *Buchanan* Action.

D&O Action:

There are currently no motions pending before the Court.

### B. Previously Resolved Motions

Securities Actions:

Class Action:

On May 12, 2023, several lead plaintiff movants filed motions to consolidate related cases, for appointment as lead plaintiff, and to appoint lead counsel. Class Action at ECF Nos. 31, 35, 38, 44. On November 30, 2023, the Court consolidated actions captioned *Vanipenta v. SVB Financial Group, et al.*, Case No. 23-cv-01097, *Snook v. SVB Financial Group, et al.*, Case No. 23-cv-01173 (the "Snook Action"), *Siddiqui v. Becker, et al.*, Case No. 23-cv-01228 (the "Siddiqui Action"), *City of Hialeah Employees' Retirement System, et al. v. Becker, et al.*, Case No. 5:23-cv-1697 (the "Hialeah Action"), and *International Union of Operating Engineers Local 132 Pension Fund v. SVB Financial Group, et al.*, Case No. 23-cv-01962 (the "International Union Action") into this Action. Class Action at ECF No. 82 at 1-2. The Court appointed Plaintiffs as lead plaintiffs, and Salvatore J. Graziano, of Bernstein Litowitz Berger & Grossmann LLP, and Sharan Nirmul, of Kessler Topaz Meltzer & Check, LLP, as lead counsel. Class Action at ECF Nos. 82 at 4, 87.

On January 30, 2024, Plaintiffs filed a motion to modify the Private Securities Litigation Reform Act's automatic stay of discovery and other proceedings during the pendency of any motion(s) to dismiss (15 U.S.C. § 78u-4(b)(3)(B) (the "Automatic Stay")) to allow for certain discovery. Class Action at ECF No. 91. On March 20, 2024, Plaintiffs withdrew their motion without prejudice to renew it, if necessary, based upon developments in SVB's bankruptcy proceeding and/or in any related claims brought against Defendants. Class Action at ECF No. 120.

On April 3, 2024, Defendants Becker and Beck moved to dismiss the Exchange Act claims asserted in the Complaint (Class Action at ECF No. 121), the Individual Defendants and the Underwriter Defendants together moved to dismiss the Securities Act claims asserted against them in the Complaint (Class Action at ECF No. 125), and KPMG moved to dismiss the Securities Act claims asserted against it in the Complaint (Class Action at ECF No. 123). Defendants also filed requests for judicial notice in support of their Motions to Dismiss. Class Action at ECF Nos. 122, 124. Plaintiffs opposed these motions on May 3, 2024 (Class Action at ECF Nos. 132-36), and Defendants filed replies on May 24, 2024 (Class Action at ECF Nos. 138-42). On June 13, 2025, the Court issued its Order Denying Exchange Defendants',

KPMG, and Securities Defendants' Motions to Dismiss (Class Action at ECF No. 180).

On July 21, 2025, KPMG filed a motion for reconsideration of the Court's Motion to Dismiss Order (Class Action at ECF No. 196). Plaintiffs opposed that motion on July 25, 2025 (ECF No. 204), and KPMG filed a reply on July 27, 2025 (Class Action at ECF No. 205). On July 29, 2025, the Court issued its Order denying the motion for reconsideration Class Action at (ECF No. 212).

On April 16, 2026, KPMG filed an administrative motion to continue the April 22, 2026 class certification hearing in light of the Securities Plaintiffs' intent to file a motion for leave to amend the Complaint to add an additional claim against Defendant KPMG under Section 10(b) of the Exchange Act (discussed below). (Class Action at ECF No. 303). On April 16, 2026, the Court stated that it will not hold a hearing on the motion to certify the class until the Securities Plaintiffs' forthcoming amendment is resolved and the briefing on the motion for class certification is supplemented, if necessary, and converted the April 22, 2026 class certification hearing into a case management conference to discuss the issue. (Class Action at ECF No. 304).

*TIAA* Action:

On February 9, 2024, Plaintiffs filed an administrative motion to relate this Action to the Class Action. *See* Non-Party TIAA's Administrative Motion to Consider Whether Cases Should be Related Pursuant to L.R. 3-12 and 7-11. Class Action, ECF No. 99. The Court granted Plaintiffs' motion on February 22, 2024. *TIAA*, ECF No. 27.

*Buchanan* Action:

On August 4, 2025, KPMG filed a motion to dismiss the original complaint. *Buchanan*, ECF No. 67. On August 18, 2025, Plaintiff filed an opposition to KPMG's motion indicating that Plaintiff intended to file an amended complaint that would render moot KPMG's motion to dismiss. *Buchanan*, ECF No. 76. Plaintiff filed the Amended Complaint on August 25, 2025 thereby rendering moot KPMG's motion to dismiss the original complaint.

On September 8, 2025, KPMG filed a motion to dismiss the Amended Complaint. *Buchanan*, ECF No. 86. Plaintiff opposed this motion on September 22, 2025 (*Buchanan*, ECF No. 88), and KPMG filed its reply on September 29, 2025 (*Buchanan*, ECF No. 89). On November 6, 2025, the Court issued its order granting-in-part and denying-in-part KPMG's motion to dismiss the Amended Complaint. *Buchanan*, ECF

No. 102.

D&O Action:

On April 16, 2025, the D&O Defendants moved to dismiss the Complaint. D&O Action at ECF Nos. 99, 100, 102, 103, 104, 105. The D&O Defendants also filed requests for judicial notice in support of their Motions to Dismiss. D&O Action at ECF Nos. 101, 106. The FDIC-R opposed these motions on June 25, 2025 (D&O Action at ECF Nos. 114-19), and the D&O Defendants filed replies on August 6, 2025 (D&O Action at ECF Nos. 124-30). On October 23, 2025, the Court issued its Order Denying the motions (D&O Action at ECF No. 140).

**C. Anticipated Motions**

Securities Actions:

At this time, the Parties to each of the Securities Actions currently anticipate filing dispositive motions and *Daubert* motions by September 25, 2026 in accordance with the Court's December 23, 2025 Order (Class Action, ECF No. 250).

Pursuant to the Court's Order yesterday, Class Plaintiffs and KPMG are meeting and conferring to "discuss a limited amendment to the scheduling order, see ECF No. [250], that budgets sufficient time for (1) Plaintiff to amend the complaint, (2) KPMG to respond to the new claim, and (3) the parties to brief any issues Plaintiffs' amendment raises as it relates to Plaintiffs' motion for class certification (if applicable)." ECF No. 304. Class Plaintiffs and KPMG will file their proposal on April 20, 2026, by 5:00 p.m.

D&O Action:

The FDIC-R and the D&O Defendants recently reached an impasse as to whether the FDIC-R must produce expert reports and expert deposition transcripts from the related action, *SVB Financial Trust v. Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank*, No. 5:24-cv-01321-BLF (the "**Trust Case**").[6] To preserve judicial resources, however, the FDIC-R and the D&O Defendants do not plan to file a discovery letter brief on this issue until they resolve or reach an impasse on a separate discovery dispute that they are discussing and seeking to resolve: whether the FDIC-R must produce

[6] The D&O Defendants note that the Trust Case involves nearly identical issues as the D&O Action and will proceed to trial on June 29, 2026.

documents related to its sale of SVB at a price the D&O Defendants believe was substantially below its value, resulting in some or all of the losses that the FDIC is seeking to recover. The FDIC-R and the D&O Defendants are also discussing other matters that the D&O Defendants have raised regarding the FDIC-R's responses to the D&O Defendants' discovery requests, including the FDIC-R's responses to Defendants' interrogatories and, specifically, the FDIC-R's refusal to provide information relating to its sale of SVB. The FDIC-R disagrees that its sale of SVB is relevant to the damages in this case because its damages arise from an imprudent dividend, imprudent retention of securities after the sale of hedges, and securities that were sold either prior to the Bank's failure (resulting in an after-tax loss of $1.8 billion) or through a commercially reasonable and competitive process through which the FDIC-R recovered fair market value for the securities. The FDIC-R has already produced millions of documents, including business records regarding the sales of the securities at issue. The FDIC-R has agreed to produce certain further records regarding the disposition of those securities and is in ongoing negotiations with the D&O Defendants to attempt to resolve any additional discovery disputes.

**5. Amendment of Pleadings**

Securities Action:

Pursuant to the Court's Order yesterday, Class Plaintiffs and KPMG are meeting and conferring to "discuss a limited amendment to the scheduling order, see ECF No. [250], that budgets sufficient time for (1) Plaintiff to amend the complaint, (2) KPMG to respond to the new claim, and (3) the parties to brief any issues Plaintiffs' amendment raises as it relates to Plaintiffs' motion for class certification (if applicable)." ECF No. 304. Class Plaintiffs and KPMG will file their proposal on April 20, 2026, by 5:00 p.m.

D&O Action:

The Parties reserve their respective rights with respect to amending the pleadings.

**6. Evidence Preservation**

The Parties certify that their counsel have reviewed the Guidelines Relating to Discovery of Electronically Stored Information.

**7. Disclosures**

Securities Actions:

Class Action:

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties to the Class Action exchanged their initial disclosures on August 8, 2025.

*TIAA* Action:

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties to the *TIAA* Action served their initial disclosures on September 2, 2025.

*Buchanan* Action:

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties to the *Buchanan* Action exchanged their initial disclosures on September 4, 2025.

D&O Action:

The parties to the D&O Action timely complied with their initial disclosure requirements.

**8. Discovery**

**A. Discovery Taken to Date**

Securities Actions:

Class Action:

Because discovery was stayed pursuant to the PSLRA Automatic Stay until the Court resolved Defendants' motions to dismiss, discovery in the Class Action did not commence until after the Court's June 13, 2025 decision denying Defendants' motions to dismiss (ECF No. 180) and the Parties' Rule 26(f) conference on July 8, 2025.

Plaintiffs served document requests on the Individual Defendants on July 9, 2025; the Underwriter Defendants on July 11, 2025; and KPMG on July 11, 2025. On November 3, 2025, Plaintiffs served interrogatories on the Underwriter Defendants. Plaintiffs served the remaining Defendants with a First Set of Interrogatories on January 14, 2026. Plaintiffs then served a Second Set of document requests on the Officer and Director Defendants on January 14, 2026, and a Second Set of document requests on the Underwriter Defendants on March 13, 2026. Plaintiffs have also served nearly two dozen document subpoenas on non-parties.

On August 8, 2025, the Underwriter Defendants served document requests on Plaintiffs. The Underwriter Defendants have also served four non-party subpoenas. On September 9, 2025, KPMG served document requests on Plaintiffs. On October 10, 2025, Defendant Beck served document requests on Plaintiffs. On November 6, 2025, KPMG served a First Set of Interrogatories on Plaintiffs, and on December 10, 2025, KPMG served a Second Set of Interrogatories on Plaintiffs.

SVB's corporate records relevant to this matter, including the electronically-stored information ("ESI") of SVB employees, are in the custody of the FDIC as Receiver for SVB ("FDIC-R"). The FDIC produced 4 million documents constituting these corporate records to certain Defendants who were also defendants in the related matter brought by the FDIC, styled *SVB Financial Trust v. Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank*, No. 5:2024-cv-01321 (N.D. Cal. 2024) (the "Trust Case"). In response to Plaintiffs' document requests, Defendants agreed to produce these documents to Plaintiffs subject to Plaintiffs obtaining authority from the Federal Reserve and California Department of Financial Protection and Innovation ("CADFPI") for the release of Confidential Supervisory Information. Between August 2025 and October 2025, Plaintiffs sought and obtained the necessary authority from these regulators for the release of these documents to Plaintiffs. Given the delay in obtaining these records, the Parties jointly petitioned the Court for an expansion of the deadline for fact discovery from the original March 16, 2026, cut-off to June 29, 2026. The Court granted this request on December 23, 2025 (ECF No. 250). The Parties also separately agreed to a substantial completion date of January 9, 2026, for all document discovery.

On November 10, 2025, Plaintiffs received hard drives from Defendant Becker's ESI vendor, which the Parties understood at the time contained the totality of the SVB corporate records produced by the FDIC-R in the Trust Case, albeit without Bates stamps. Plaintiffs offered to process those records for all Parties (including to apply Bates stamps) in accordance with the requirements imposed by the FDIC, Federal Reserve, CADFPI, and the Silicon Valley Bank Financial Trust ("SVBFT"). Plaintiffs processed those records and provided copies to all Defendants and the plaintiffs in *TIAA-CREF Investment Management, LLC, et al. v. Becker, et al.*, Case No. 24-cv-00478-NW.

Plaintiffs began taking fact depositions in March and have taken six fact depositions to date. Defendants cross-noticed four of these depositions. In recent weeks, Defendant Becker informed Plaintiffs

of a recent discovery that approximately 500,000 of the documents that Defendant Becker had received from the FDIC and intended to produce on November 10, 2025, were inadvertently not produced to Plaintiffs due to a vendor error. These nearly 500,000 documents were also inadvertently not produced to the Underwriter Defendants due to the same vendor error. Because of the volume of documents produced by all parties to date, which has exceeded 4 million documents, neither side previously detected this error. On April 3, 2026, Defendant Becker delivered these documents to Plaintiffs, and Plaintiffs are currently processing them, including to apply Bates stamps. The Underwriter Defendants have also now received a copy of these documents.

In addition to the six fact depositions taken to date, in connection with Plaintiffs' Class Certification Motion, Defendants conducted Rule 30(b)(6) depositions of each of the Lead and Additional Plaintiffs, Plaintiffs deposed Defendants' expert witnesses for purposes of the motion, and Defendants deposed both of Plaintiffs' expert witnesses for purposes of the motion.

*TIAA* Action:

On July 28, 2025, the Court issued an Order concerning the coordination of discovery in the *TIAA* Action with the Class Action. (ECF No. 113). The parties are proceeding with discovery in accordance with that order.

*Buchanan* Action:

The parties have agreed that all documents provided to the plaintiffs in the Class Action shall be concurrently provided to Plaintiff in the *Buchanan* Action. The parties are proceeding with discovery in accordance with that agreement.

D&O Action:

**a. D&O Defendants' Position:**

In April 2025, the FDIC-R produced to the D&O Defendants a large volume of more than four million documents previously produced in the Trust Case pursuant to search parameters negotiated between the parties in that case (without input from Defendants in this case). Thereafter, the FDIC-R deposed the D&O Defendants and other witnesses in the D&O Action and Trust Case, which were completed in September 2025. The Trust also deposed the FDIC-R's corporate representative.

Since the depositions concluded, the D&O Defendants and FDIC-R have continued to exchange

discovery requests and documents in the D&O Action. On March 27, 2025 and November 17, 2025, the D&O Defendants respectively served their first and second sets of requests for production ("RFPs") on the FDIC-R. The FDIC-R objected and responded to the sets of RFPs on April 28, 2025 and December 17, 2025, respectively. Among those objections, the FDIC-R refused to produce a number of categories of documents. The parties continue to confer regarding various categories of documents that the FDIC-R has refused to produce.

For example, the FDIC-R has generally refused to produce custodial documents post-dating SVB's receivership, including documents relating to the sale of SVB's assets and the process through which the FDIC sold SVB to First Citizens Bank for, what the D&O Defendants believe, was billions less than its fair value. In the view of the D&O Defendants, these documents are highly relevant not merely to the D&O Defendants' defenses premised on the FDIC-R's failure to mitigate damages, but to the FDIC-R's affirmative claim premised on SVB's issuance of a dividend to its parent, SVBFG, in the second half of 2022. On this latter point, the FDIC-R claims that the bank-to-parent dividend was improper under California Corporations Code §§ 500, 501 because the bank was supposedly insolvent when it declared (October 2022) and paid (December 2022) the dividend. (FDIC Action at ECF No. 114 at 46). As a result, the D&O Defendants submit, the value of SVB's assets—measured through the sale of those assets a few months later—is relevant to whether the bank was solvent when it declared and paid the dividend. So, too, the D&O Defendants submit, it would be highly relevant if, as several press articles reported at the time of the sale of the bank to First Citizens, the FDIC-R refused to entertain offers or expressions of interest (indeed, made it clear it would not entertain offers for SVB) from large banks willing to pay materially more for SVB than First Citizens agreed to pay.

Beyond the disputed RFPs, the D&O Defendants have also served interrogatories on the FDIC-R. Specifically, on November 5, 2025, the D&O Defendants served their first set of interrogatories on the FDIC-R. The FDIC-R responded on December 5, 2025, and recently amended their responses on April 10, 2026. The parties continue to confer about the FDIC-R's responses, including the FDIC-R's refusal to provide information concerning the sale of SVB. For its part, the FDIC-R recently subpoenaed Defendants Becker, Beck, Benhamou, Daniels, Friedman, Kruse, Matthews, Miller, Mitchell, and Staglin to testify in the Trust Case.

The D&O Defendants are also in the process of obtaining third-party document discovery from SVB's regulators at the FRB, FRBSF, and DFPI, who have critical documents relating to SVB's regulatory supervision described in the FDIC-R's Complaint. The FRB and FRBSF have refused to accept a subpoena, let alone produce documents, until they have adjudicated the D&O Defendants' *Touhy* requests for documents; they have also raised a number of novel privilege issues. DFPI served responses and objections to the D&O Defendants' subpoena and it, to date, has only agreed to produce fewer than 500 pages of documents, most if not all of which are already public. The D&O Defendants are diligently pursuing discovery from these third-party regulators, but there is still much work to be done before the completion of document discovery.

**b. FDIC-R's Position**:

A substantial amount of discovery has been completed already through reproduction of documents produced in other litigation and completed depositions of most of the named D&O Defendants. The FDIC-R produced over four million documents to the D&O Defendants extensively covering the issues in this litigation about a year ago. The FDIC-R did so promptly in this litigation during motion to dismiss briefing to move this case forward expeditiously and efficiently. The parties can also take advantage of third-party document productions in the Trust Case to efficiently complete document production here.

The FDIC-R has objected to the D&O Defendants' request to produce documents post-dating SVB's receivership concerning the sale of SVB's assets, other than fixed income securities at issue in this case, because those other assets are irrelevant to the parties' claims and defenses. The D&O Defendants' claim that the FDIC-R "sold SVB to First Citizens Bank for billions less than its fair value" is both irrelevant and false. That sale did not include any assets at issue in this litigation so it cannot possibly bear on damages. As to the assets at issue, the FDIC-R sold SVB's securities, the subject of damages in this litigation, at fair market prices using a commercially reasonable and competitive process, which inherently produced a fair market value return. For purposes of the FDIC-R's damages in this case, the amount that the FDIC received in connection with the Purchase and Assumption Agreement with First Citizens, including whether that amount somehow could have been higher despite the FDIC engaging in a competitive bidding process consistent with its statutory obligations, has no impact whatsoever on the FDIC-R's damages or mitigation of its damages.

The extensive discovery that the D&O Defendants claim they need from third-party regulators is unnecessary and irrelevant because it is well-established that directors and officers cannot excuse their own negligence by blaming regulators: executives run banks, not regulators. Regardless, the discovery process with third-party regulators is ongoing and progressing.

**B. Scope of Anticipated Discovery**

Securities Actions:

The Securities Plaintiffs and Defendants anticipate that discovery will focus on issues concerning liability, damages, class certification, and defenses.

D&O Action:

**a. D&O Defendants' Position:**

The D&O Defendants have not yet had the opportunity in the D&O Action to question the many witnesses the FDIC-R has already deposed, including former SVB employees and consultants to SVB. Consequently, once document productions are complete, the D&O Defendants may need to take depositions of many of the significant number of third-party witnesses deposed by the FDIC-R in the Trust Case. Additionally, the D&O Defendants may take additional depositions of witnesses who were not deposed in the Trust Case, including third-party witnesses from SVB's regulators.

**b. FDIC-R's Position:**

With respect to depositions, the FDIC-R has already deposed most of the D&O Defendants in this action as part of joint depositions with the Trust Case. The D&O Defendants have not noticed any witnesses for depositions. The FDIC-R will depose additional D&O Defendants and certain third-parties in this action. The FDIC-R may also seek leave to depose certain D&O Defendants a second time on a limited basis in this case.

**C. Proposed Limitations or Modifications to Discovery Rules**

Securities Actions:

On March 12, 2026, the parties to the Class Action filed a Stipulation with Proposed Order Regarding Depositions (ECF No. 282) (the "Stipulation") that remains pending. Among other things, the Stipulation allows Plaintiffs and Defendants in the Class Action to each take 30 fact depositions. Also, in the Stipulation, the parties to the Class Action agreed to a provision splitting the time among the parties

such that, if a deposition is cross-noticed:

> the Parties (and non-party deponents, where relevant) shall meet and confer to discuss the time needed and attempt to reach agreement on a sharing of the time for the deposition that results in the deposition being as close to seven (7) hours as feasible. If the Parties, after meeting and conferring, are unable to reach agreement, the noticing party shall be entitled to 4.5 hours of examination, the cross-noticing party shall be entitled to 3.5 hours of examination, and the duration of the deposition may be up to eight (8) hours, unless the Court otherwise orders.

The parties to the *TIAA* Action and *Buchanan* Action have no pending request to limit or modify the discovery rules.

D&O Action:

The D&O Defendants and the FDIC-R have no present need to limit or modify the discovery rules.

**D. E-Discovery Order**

Securities Actions:

To the extent the parties to the Securities Actions have disagreements concerning the production of ESI in this Action, the parties will seek the Honorable Susan van Keulen's assistance in resolving any e-discovery disputes, pursuant to Section I of the Court's Civil Standing Order.

D&O Action:

The FDIC-R believes that entry of an ESI Protocol would be beneficial and has previously sent a proposed protocol to the D&O Defendants. To the extent the parties to the D&O Action have disagreements concerning the production of ESI, they will seek the Honorable Nathanael Cousins's assistance in resolving any e-discovery disputes, pursuant to the Court's Civil Standing Order.

**E. Protective Order**

Securities Actions:

The parties to the Class Action submitted a Stipulated Proposed Protective Order to govern discovery in this Action on July 30, 2025 (Class Action at ECF No. 214). The Honorable Susan van Keulen entered the Protective Order as modified on August 6, 2025 (Class Action at ECF No. 215). The Securities Plaintiffs and Defendants filed a proposed Amended Protective Order on September 26, 2025 (Class Action, ECF No. 219) to address concerns raised by the FDIC-R and SVBFT concerning attorney-client privilege or other privileges that the FDIC-R or SVBFT may assert on behalf of Silicon Valley Bank and/or SVB Financial Group. Specifically, the provisions address the disclosure of privileged material consistent

with Rule 502(d) and legal compliance requirements when producing records that may be subject to federal or state privacy laws. Judge van Keulen entered the Amended Protective Order on September 26, 2025 (Class Action, ECF No. 220).

Similar stipulated protective orders have been entered in the *TIAA* Action and the *Buchanan* Action. *See TIAA*, ECF No. 126; *Buchanan*, ECF No. 98.

D&O Action:

The FDIC-R and the D&O Defendants submitted a Stipulated Proposed Protective Order to govern discovery in this Action on December 19, 2025 (D&O Action at ECF No. 164). The Honorable Nathanael Cousins entered the Protective Order on March 18, 2026 (D&O Action at ECF No. 168).

**F. Discovery Plan**

Securities Actions:

Subject to the issues discussed above in Sections 4.C. and 5, the parties to the Securities Actions agree that they are on track to meet the Court-ordered June 29, 2026 fact discovery cutoff date, as well as the opening of expert reports on July 20, 2026. To date, Securities Plaintiffs have noticed thirteen (13) fact depositions and, as noted above, have conducted six (6) fact depositions. They continue to meet and confer in good faith with the Securities Defendants regarding the scheduling of depositions for party and third-party witnesses, as well as to resolve any outstanding discovery issues prior to the fact discovery deadline. Further, while the Securities Plaintiffs and Securities Defendants are proceeding with the deposition plan as originally contemplated in light of the substantial completion date of January 9, 2026 for document discovery, the Securities Plaintiffs reserve all rights with respect to keeping certain depositions open given the belated production of 500,000 documents on April 3, 2026.

D&O Action:

The FDIC-R and the D&O Defendants agree that they appear on track to meet the Court-ordered December 11, 2026 fact discovery cutoff date, as well as the opening of expert reports on January 29, 2027. The D&O Defendants' position is that meeting this deadline assumes the pending discovery disputes raised by the D&O Defendants are timely resolved. The FDIC-R does not believe any such dispute has merit or should impact this deadline.

### G. Discovery Disputes

There are no current discovery disputes pending before the Court.

## 9. Class Actions

Securities Actions:

As set forth above in Section 4(A), Plaintiffs in the Class Action filed their Class Certification Motion on January 9, 2026, which Defendants opposed (ECF Nos. 251, 268-70, 285). Plaintiffs' motion seeks to have this action certified as a class action pursuant to Rule 23(a) and (b)(3). *See* ECF No. 251 at 2 & n.2.

All counsel of record for the Parties to the Class Action have reviewed the Procedural Guidance for Class Action Settlements.

The *TIAA* Action and *Buchanan* Action are not class actions.

D&O Action:

Not applicable.

## 10. Related Cases

Securities Actions:

There are also three related securities class actions pending before the Honorable Haywood S. Gilliam, Jr., captioned *Stevenson, et al. v. Becker, et al.*, Case No. 23-cv-02277-HSG ("*Stevenson*"), *Rossi, et al. v. Becker, et al.*, Case No. 23-cv-02335-HSG ("*Rossi I*"), and *Rossi, et al. v. Dechellis, et al.*, Case No. 24-cv-01674-HSG ("*Rossi II*"), where the plaintiffs assert claims under the Securities Act against substantially the same defendants here arising from SVB's merger with Boston Private Bank & Trust Company and based on similar facts and circumstances as this Action. Those actions were originally filed in California state court, Defendants removed them to this District, and the court denied the plaintiffs' motions to remand the actions back to state court in *Stevenson* and *Rossi I*. The plaintiffs appealed the court's order denying remand to the Ninth Circuit, and that interlocutory appeal remains pending following oral argument on December 3, 2025. Per stipulation, the outcome of the appeal will apply to the *Rossi II* action. The Honorable James Donato deferred determination on whether these actions should be related or consolidated into this Action until after the resolution of the remand issue. ECF No. 56; ECF No. 82 at 1.

On January 6, 2026, the plaintiffs in *Stevenson* and *Rossi I*, and defendant KPMG, informed Judge

Gilliam that they had reached a settlement in principle, applicable to only those plaintiffs' claims against KPMG. Following multiple case management conferences to discuss the court's authority to sever claims against KPMG and remand them to state court, the *Stevenson* and *Rossi* I plaintiffs and KPMG submitted a Second Amended Joint Stipulation and Proposed Order Severing and Remanding Claims Against KPMG LLP To State Court for Settlement Approval on February 11, 2026. Judge Gilliam signed the proposed order on February 12, 2026, and the *Stevenson* and *Rossi I* claims against KPMG have returned to California state court so that the plaintiffs in those cases and defendant KPMG can seek settlement approval. *See Stevenson, et al. v. Becker, et al.*, No. 23CV413949 (Cal. Super. Ct. Apr 10, 2023), and *Rossi v. Becker, et al.*, No. 23CV414120 (Cal. Super. Ct. Apr 14, 2023).

D&O Action:

Trial in the Trust Case is scheduled to begin before Judge Freeman on June 29, 2026. As discussed *supra*, the FDIC-R recently subpoenaed ten of the D&O Defendants to testify at the trial. Defendants Becker, Beck, Benhamou, Daniels, Friedman, Mitchell, and Staglin have accepted service of those subpoenas and waived formal service of process, and the FDIC-R will pay the fees mandated by Federal Rule of Civil Procedure 45. Defendants Kruse, Miller, and Mitchell all contend that they reside outside of the United States District Court for the Northern District of California's subpoena range. As a result, the FDIC-R and counsel for Defendants Kruse, Matthews, and Miller continue to negotiate whether Defendants Kruse, Matthews, and Miller will voluntarily appear at the trial. For the remaining defendants called to testify, the D&O Defendants and the FDIC-R continue to confer regarding timing and logistics for their testimony.

**11. Relief**

Securities Actions:

Class Action:

Plaintiffs seek the relief set forth in the Complaint, which includes: (i) an order declaring this action to be a proper class action pursuant to Federal Rule 23; (ii) an award of damages, including interest; (iii) an award of reasonable costs and expenses incurred in this action, including attorneys' and expert fees; and (iv) such other relief as the Court may deem just and proper.

Defendants deny that Plaintiffs are entitled to any requested relief. Defendants request the following

relief: (i) that the Court enter judgment in their favor; (ii) that Plaintiffs take nothing by means of their Complaint; (iii) that Defendants be awarded costs to the maximum extent allowable by law; and (iv) for such other relief as the Court deems just and proper.

*TIAA* Action:

Plaintiffs seek the relief set forth in the Complaint, which includes judgment against Defendants as follows: (i) requiring Defendants to pay damages sustained by Plaintiffs by reason of the acts and transactions alleged in the Complaint; (ii) awarding Plaintiffs pre-judgment and postjudgment interest, as well as their reasonable attorneys' fees, expert fees, and other costs; and (iii) awarding further equitable, injunctive, and such other relief as the Court may deem just and proper.

Defendants deny that Plaintiffs are entitled to any requested relief. Defendants request the following relief: (i) that the Court enter judgment in their favor; (ii) that Plaintiffs take nothing by means of their Complaint; (iii) that Defendants be awarded costs to the maximum extent allowable by law; and (iv) for such other relief as the Court deems just and proper.

*Buchanan* Action:

Plaintiff seeks the relief set forth in the Amended Complaint, which includes judgment against Defendants as follows: (i) requiring Defendants to pay damages sustained by Plaintiff by reason of the acts and transactions alleged in the Amended Complaint; (ii) awarding Plaintiff prejudgment and postjudgment interest as well as his reasonable attorneys' fees, expert fees, and other costs; and (iii) awarding further equitable, injunctive, and such other relief as the Court may deem just and proper.

Defendants deny that Plaintiff is entitled to any requested relief. Defendants request the following relief: (1) that the Court enter judgment in their favor; (2) that Plaintiff take nothing by means of its Amended Complaint; (3) that Defendants be awarded costs to the maximum extent allowable by law; and (4) for such other relief as the Court deems just and proper.

D&O Action:

The FDIC-R seeks billions of dollars in damages and prejudgment and post-judgment interest as allowed by law. The FDIC-R asserts that its damages will be computed by determining the amount of loss caused by the D&O Defendants' mismanagement of SVB's securities portfolio, improper removal of its interest rate hedge protection, and the imprudent $294 million bank-to-parent dividend. The D&O

Defendants do not currently seek any affirmative relief and deny that the FDIC-R is entitled to any of its requested relief.

**12. Settlement and ADR**

Securities Actions:

The parties to the Securities Actions have engaged in two private mediation sessions: one on November 1, 2024, and the other on October 29, 2025. Both mediation sessions were unsuccessful in resolving any claims. The parties remain open to further settlement discussions and will update the Court if any such discussions are successful.

D&O Action:

The Parties to the D&O Action met and conferred regarding the mandatory ADR process and agree that private mediation, at the appropriate time, will be the most appropriate process. The FDIC-R and certain of the D&O Defendants previously mediated without success.

**13. Other References**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

Securities Actions:

At this stage of the proceedings, the parties to the Securities Action believe that the narrowing of issues, suggestions to expedite the presentation of evidence at trial, and requests to bifurcate issues, claims, or defenses, whether by agreement or by stipulation, are premature.

D&O Action:

**a. D&O Defendants' Position:**

The D&O Defendants believe that if the FDIC-R loses the Trust Case, that outcome likely will have a preclusive and dispositive effect on all of the FDIC-R's claims in the D&O Action, something the FDIC-R itself has acknowledged in its filings in the Trust Case. Accordingly, the D&O Defendants position is that the best way to narrow—and potentially eliminate—the issues in the D&O Action is to wait until Judge Freeman's post-trial decision in the Trust Case.

**b. FDIC-R's Position:**

The FDIC-R disputes that resolution of the Trust Case will have a preclusive and dispositive effect on all of the FDIC-R's claims in the D&O Action.

**15. Expedited Trial Procedure**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order No. 64.

**16. Scheduling**

Following the December 15, 2025 Case Management Conference, the Court entered a schedule with the following remaining deadlines (Class Action at ECF No. 250; D&O Action at ECF No. 163). As of April 16, 2026, the Court converted the April 22, 2026 class certification hearing to a case management conference. (Class Action at ECF No. 304).

| Event | Securities Action Schedule | D&O Action Schedule |
|---|---|---|
| Case Management Conference ~~Hearing on Motion for Class Cert.~~ | April 22, 2026 | N/A |
| Party Document Production Deadline | N/A | August 11, 2026 |
| Close of Fact Discovery | June 29, 2026 | December 11, 2026 |
| Opening of Expert Reports | July 20, 2026 | January 29, 2027 |
| Rebuttal Expert Reports | August 10, 2026 | March 5, 2027 |
| Close of Expert Discovery | August 31, 2026 | April 9, 2027 |
| Dispositive Motions and *Daubert* Motions | September 25, 2026 | April 23, 2027 |
| Responses to Dispositive and *Daubert* Motions | October 16, 2026 | May 14, 2027 |
| Replies to Dispositive and *Daubert* Motions | October 30, 2026 | May 28, 2027 |
| Hearing on Dispositive and *Daubert* Motions | December 9, 2026, at 9:00 AM | June 30, 2027, at 9:00 AM |
| Deadline to File Joint Pretrial Statement | December 23, 2026 | August 4, 2027 |
| Final Pretrial Conference in the Class Action and *Buchanan* Action | January 6, 2027, at 2:00 PM | N/A |
| Trial Start Date in the Class Action and *Buchanan* Action | January 25, 2027, at 9:00 AM | N/A |
| Final Pretrial Conference in the *TIAA* Action | February 10, 2027 | N/A |
| Trial Start Date in the *TIAA* Action | March 1, 2027 | N/A |
| Final Pretrial Conference in the D&O Action | N/A | August 25, 2027, at 2:00 PM |
| Trial Start Date in the D&O Action | N/A/ | September 13, 2027, at 9:00 AM |

**17. Trial**

Securities Actions:

Under the Court's December 23, 2025 Order (Class Action at ECF No. 250 at 2), the Court has scheduled 4 weeks for trial beginning on January 25, 2027 for the Class Action and *Buchanan* Action. Trial in the *TIAA* Action is scheduled to begin on March 1, 2027.

D&O Action:

Under the Court's December 19, 2025 Order (D&O Action at ECF No. 163 at 2), the Court has scheduled four weeks for trial beginning on September 13, 2027 at 9:00 AM.

**18. Disclosure of Non-party Interested Entities or Persons**

Securities Actions:

Class Action:

The Securities Defendants restate and reaffirm their respective Rule 7.1 Disclosures and/or "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15 filed at ECF Nos. 126-131, 153.

Lead Plaintiffs are "governmental part[ies]" exempt from Civil Local Rule 3-15. Plaintiffs Asbestos Workers Philadelphia Welfare and Pension Fund and Heat & Frost Insulators Local 12 Funds restate and reaffirm their Certification of Interested Entities or Persons as required by Local Rule 3-15 filed at Case No. 5:23-cv-1697, ECF No. 4.

*TIAA* Action:

The parties to the *TIAA* Action restate and reaffirm their respective Rule 7.1 Disclosures and/or "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15 filed at ECF Nos. 2, 3, 48, 72, 74, 76, 78, 82, 88.

*Buchanan* Action:

The parties to the *Buchanan* Action restate and reaffirm their respective Rule 7.1 Disclosures and/or "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15 filed at ECF Nos. 3, 9, 14, 22, 26, 29, 40, 52, 65.

D&O Action:

The FDIC-R is excluded from the requirement to file a Certification of Interested Entities or

Persons pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15. Defendants have filed the Certifications of Interested Entities or Persons required by Civil Local Rule 3-15 (Dkt. 33, 65, 66, 67, 72 and 76), identifying the following entities or persons:

| **Entity / Person** |
|---|
| FDIC-R |
| Defendant Gregory Becker |
| Defendant Daniel Beck |
| Defendant Marc Cadieux |
| Defendant Michael Descheneaux |
| Defendant Michael Kruse |
| Defendant Laura Izurieta |
| Defendant Eric Benhamou |
| Defendant Roger Dunbar |
| Defendant Joel Friedman |
| Defendant Mary Miller |
| Defendant Kate Mitchell |
| Defendant Beverly Matthews |
| Defendant Garen Staglin |
| Defendant Elizabeth Burr |
| Defendant Richard Daniels |
| Defendant Alison Davis |
| Defendant Jeffrey Maggioncalda |

**19. Professional Conduct**

All attorneys of record for the parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: April 17, 2026

JAMES N. KRAMER
ALEXANDER K. TALARIDES
KEVIN M. ASKEW

**ORRICK HERRINGTON & SUTCLIFFE LLP**

*/s/ James N. Kramer*
JAMES N. KRAMER
Counsel for Defendant Gregory W. Becker

Dated: April 17, 2026

BARRY H. BERKE
MICHAEL D. CELIO
DANIEL M. KETANI
GEORGE B. ADAMS, III

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Michael D. Celio*
MICHAEL D. CELIO
Counsel for Defendant Daniel Beck

Dated: April 17, 2026

CHRISTOPHER GARCIA
RAQUEL KELLERT
ALEXANDER WYMAN
MATTHEW P. VALENTI

**LATHAM & WATKINS LLP**

*/s/ Christopher Garcia*
CHRISTOPHER GARCIA
Counsel for Defendant Michael Kruse

Dated: April 17, 2026

CHRISTOPHER W. JOHNSTONE
PETER G. NEIMAN
JESSICA N. DJILANI

**WILMER CUTLER PICKERING HALE AND DORR LLP**

*/s/ Christopher W. Johnstone*
CHRISTOPHER W. JOHNSTONE
Counsel for Defendant Karen Hon

Dated: April 17, 2026

JESSICA L. LEWIS
PHILIP D. ANKER
TIMOTHY J. PERLA
MICHAEL A. MUGMON

**WILMER CUTLER PICKERING HALE AND DORR LLP**

/s/ *Jessica L. Lewis*
JESSICA L. LEWIS
Counsel for Defendants Roger F. Dunbar, Beverly Kay Matthews, Eric A. Benhamou, Elizabeth Burr, Richard D. Daniels, Alison Davis, Joel P. Friedman, Jeffrey N. Maggioncalda, Mary J. Miller, Kate D. Mitchell, John Robinson, Garen K. Staglin

Dated: April 17, 2026

RICHARD H. ZELICHOV
BING SUN
BRUCE G. VANYO
PAUL S. YONG

**KATTEN MUCHIN ROSENMAN LLP**

*/s/ Richard H. Zelichov*
RICHARD H. ZELICHOV
Counsel for Defendant John S. Clendening

Dated: April 17, 2026

ABIGAIL ELIZABETH DAVIS
ANITA B. BANDY
DAVID MEISTER
MARK R.S. FOSTER

**SKADDEN ARPS SLATE MEAGHER & FLOM LLP**

*/s/ Mark R.S. Foster*
MARK R.S. FOSTER
Counsel for Defendant Laura Izurieta

Dated: April 17, 2026

LISA R. BUGNI
RICHARD T. MAROONEY
KEVIN J. O'BRIEN

**KING & SPALDING LLP**

*/s/ Lisa R. Bugni*
LISA R. BUGNI
Counsel for Defendant KPMG LLP

Dated: April 17, 2026

ADAM S. HAKKI (admitted *pro hac vice*)
DANIEL C. LEWIS (admitted *pro hac vice*)
JOSHUA T. EBERSOLE (admitted *pro hac vice*)

**ALLEN OVERY SHEARMAN STERLING US LLP**

*/s/ Daniel C. Lewis*
DANIEL C. LEWIS
Counsel for Defendants Goldman Sachs & Co. LLC, BofA Securities, Inc., Morgan Stanley & Co. LLC, and Keefe, Bruyette & Woods, Inc.

Dated: April 17, 2026

SALVATORE J. GRAZIANO
JONATHAN D. USLANER
PREETHI KRISHNAMURTHY

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

- and -

SHARAN NIRMUL
STACEY M. KAPLAN

**KESSLER TOPAZ MELTZER & CHECK, LLP**

*/s/ Salvatore J. Graziano*
SALVATORE J. GRAZIANO
Counsel for Lead Plaintiffs Norges Bank and Sjunde AP-Fonden and Additional Plaintiffs Asbestos Workers Philadelphia Welfare and Pension Fund, and Heat & Frost Insulators Local 12 Funds and the Proposed Class

Dated: April 17, 2026

DARREN J. ROBBINS
LUKE O. BROOKS
ERIKA L. OLIVER
JACK ABBEY GEPHART
SHAWN A. WILLIAMS
TING LIU

**ROBBINS GELLER RUDMAN & DOWD LLP**

*/s/ Ting Liu*
TING LIU
Counsel for Plaintiffs TIAA-CREF Investment Management, LLC and related entities

Dated: April 17, 2026

JOHN T. JASNOCH
MOLLIE ELIZABETH CHADWICK

**SCOTT + SCOTT ATTORNEYS AT LAW LLP**

*/s/ John T. Jasnoch*
JOHN T. JASNOCH
Counsel for Plaintiff Steven J. Buchanan

Dated: April 17, 2026

LAWRENCE H. HEFTMAN (admitted *pro hac vice*)
DAVID C. GILES (admitted *pro hac vice*)
MICHAEL K. MOLZBERGER (admitted *pro hac vice*)
LYNN R. FIORENTINO

**ARENTFOX SCHIFF LLP**

/s/ *Lawrence D. Heftman*
LAWRENCE D. HEFTMAN
Counsel to the Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank

**CIVIL L.R. 5-1 ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I, Jessica L. Lewis, am the ECF user whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT. In compliance with General Order 45, X.B., I hereby attest that counsel for the Parties have concurred in this filing.

*/s/ Jessica L. Lewis*