Michael A. Mugmon (CA SBN 251958)
WILMER CUTLER PICKERING
HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001
michael.mugmon@wilmerhale.com

Philip D. Anker (appearance pro hac vice)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
philip.anker@wilmerhale.com

*Counsel for Defendants Eric Benhamou, Elizabeth Burr, Richard Daniels, Alison Davis, Roger Dunbar, Joel Friedman, Jeffrey Maggioncalda, Beverly Kay Matthews, Mary Miller, Kate Mitchell, John Robinson, and Garen Staglin*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP., AS RECEIVER FOR SILICON VALLEY BANK,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY BECKER, et al.,<br><br>Defendants. | Case No. 5:25-cv-00569-NW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Honorable Noël Wise |

In the above-captioned **Action**,[1] counsel for Plaintiff Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank ("**FDIC-R**"), and **D&O Defendants**[2] (collectively the "**Parties**") respectfully submit this Joint Case Management Statement pursuant to this Court's April 27, 2026 Notice Setting Further Case Management Conference (ECF No. 174), this Court's Standing Order for All Civil Cases, the Standing Order for All Judges of the Northern District of California, Local Civil Rule 16-9, and Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

**1. Jurisdiction & Service**

The Court has subject-matter jurisdiction over the D&O Action under 12 U.S.C. § 1819(b)(1) and (2) and 28 U.S.C. §§ 1331 and 1345. All Defendants have waived service of process. *See* ECF Nos. 10–12, 14–16, 42–52. There are no issues regarding personal jurisdiction or venue.

**2. Facts**

On March 9, 2023, SVB experienced a bank run. SVB was put into FDIC receivership on March 10, 2023; its parent company, SVB Financial Group ("SVBFG"), filed for bankruptcy a week later. On January 16, 2025, the FDIC-R filed its Complaint against the D&O Defendants. See ECF No. 1. The Complaint asserts claims for negligence against Defendants Becker, Beck, Cadieux, Descheneaux, Kruse, and Izurieta and gross negligence and breach of fiduciary duty against all D&O Defendants. The FDIC-R alleges that certain D&O Defendants mismanaged SVB's securities portfolio, improperly removed its interest rate hedge protection, and/or caused SVB to issue an imprudent $294 million bank-to-parent dividend. The D&O Defendants dispute all such allegations.

**3. Legal Issues**

The key legal issues in dispute include whether the D&O Defendants were grossly negligent (or for the officer defendants, negligent) and/or breached their fiduciary duties to SVB and whether those alleged breaches of duty harmed SVB. The D&O Defendants contend that another key legal issue is

---

[1] **D&O Action**: *Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank v. Becker et al.*, No. 5:25-cv-00569-NW.

[2] The **D&O Defendants** refer to the following individuals: Gregory W. Becker, Daniel J. Beck, Marc Cadieux, Michael Descheneaux, Michael Kruse, Laura Izurieta, Roger F. Dunbar, Beverly Kay Matthews, Eric A. Benhamou, Elizabeth Burr, Richard D. Daniels, Alison Davis, Joel P. Friedman, Jeffrey N. Maggioncalda, Mary J. Miller, Kate D. Mitchell, and Garen K. Staglin.

whether the FDIC's own actions caused some or all of the losses at issue.

**4. Motions**

**A. Pending Motions**

There are currently no motions pending before the Court.

**B. Previously Resolved Motions**

On April 16, 2025, D&O Defendants moved to dismiss the Complaint. ECF Nos. 99, 100, 102, 103, 104, 105. D&O Defendants also filed requests for judicial notice in support of their Motions to Dismiss. ECF Nos. 101, 106. The FDIC-R opposed these motions on June 25, 2025 (ECF Nos. 114-19), and D&O Defendants filed replies on August 6, 2025 (ECF Nos. 124-30). On October 23, 2025, the Court issued its Order Denying the motions (ECF No. 140). On June 5, 2026, the D&O Defendants moved for relief from Magistrate Judge Cousins's non-dispositive pretrial order denying their motion to compel documents related to the disposition of non-securities assets following the sale of the Bank. ECF No. 180. On June 9, 2026, the Court issued its Order denying the motion. but acknowledging that "[t]here may be a narrowed version of [the request] that can withstand scrutiny under Rule 26(b)(1) . . . ." ECF No. 181. As discussed below, the D&O Defendants have served a revised version of this request, as well as two other requests, in an effort to address the Court's ruling.

**C. Anticipated Motions**

At this time, there are no ripe discovery disputes between the Parties. Some, however, may be forthcoming, including with respect to the FDIC-R's responses to the D&O Defendants' interrogatories (*see infra* § 8.A.a.).

**5. Amendment of Pleadings**

The Parties reserve their respective rights with respect to amending the pleadings.

**6. Evidence Preservation**

The Parties certify that their counsel have reviewed the Guidelines Relating to Discovery of Electronically Stored Information.

**7. Disclosures**

The parties to the D&O Action timely complied with their initial disclosure requirements.

**8. Discovery**

**A. Discovery Taken to Date**

**a. D&O Defendants' Position:**

In April 2025, the FDIC-R produced to the D&O Defendants a large volume of more than four million documents previously produced in the Trust Case[3] pursuant to search parameters negotiated between the parties in that case (without input from Defendants in this case). Thereafter, the FDIC-R deposed the D&O Defendants and other witnesses in the D&O Action and Trust Case until they were completed in September 2025. The Trust also deposed the FDIC-R's corporate representative.

Since the depositions concluded, the D&O Defendants and FDIC-R have continued to exchange discovery requests and documents in the D&O Case. On March 27, 2025 and November 17, 2025, the D&O Defendants respectively served their first and second sets of requests for production ("RFPs") on the FDIC-R. The FDIC-R objected and responded to the sets of RFPs on April 28, 2025 and December 17, 2025, respectively. Among those objections, the FDIC-R refused to produce a number of categories of documents. The parties continue to confer regarding various categories of documents that the FDIC-R has refused to produce.

For example, the FDIC-R has generally refused to produce custodial documents post-dating SVB's receivership, including documents relating to the sale of SVB's assets and the process through which the FDIC sold SVB to First Citizens Bank for, what the D&O Defendants believe, was billions of dollars less than its fair value. In the view of the D&O Defendants, these documents are highly relevant not merely to the D&O Defendants' defenses premised on the FDIC-R's failure to mitigate damages, but to the FDIC-R's affirmative claim premised on SVB's issuance of a dividend to its parent, SVBFG, in the second half of 2022. On this latter point, the FDIC-R claims that the bank-to-parent dividend was improper under California Corporations Code §§ 500, 501 because the bank was supposedly insolvent when it declared (October 2022) and paid (December 2022) the dividend. (FDIC Action at ECF No. 114 at 46). As a result, the D&O Defendants submit, the value of SVB's assets—measured through the sale of those assets a few months later—is relevant to whether the bank was solvent when it declared and paid the dividend. So, too,

[3] *SVB Financial Trust v. Federal Deposit Insurance Corp.*, No. 5:24-cv-1321-BLF (N.D. Cal.).

the D&O Defendants submit, it would be highly relevant if, as several press articles reported at the time of the sale of the bank to First Citizens, the FDIC-R refused to entertain offers or expressions of interest (indeed, made it clear it would not entertain offers for SVB) from large banks willing to pay materially more for SVB than First Citizens agreed to pay. As discussed above, the D&O Defendants have recently served a revised document request, along with two accompanying requests, designed to address this Court's ruling in ECF No. 181.

Beyond the disputed RFPs, the D&O Defendants have also served interrogatories on the FDIC-R. Specifically, on November 5, 2025, the D&O Defendants served their first set of interrogatories on the FDIC-R. The FDIC-R responded on December 5, 2025, and amended its responses on April 10, 2026 in response to deficiencies that the D&O Defendants identified. On June 15, 2026, the D&O Defendants described to the FDIC-R that its amended responses remained deficient in numerous respects, and, on June 29, 2026, the FDIC-R stated that it believed its amended responses are sufficient and the FDIC-R is unwilling to provide any further amended responses. The D&O Defendants dispute that the FDIC-R's interrogatory responses are sufficient and, if the dispute cannot be resolved through a meet and confer with the FDIC-R, the D&O Defendants anticipate moving to compel.

For its part, the FDIC-R deposed Defendants Becker, Beck, Benhamou, Daniels, Descheneaux, Friedman, Kruse, Izurieta, Matthews, Miller, Mitchell, and Staglin. And on May 26, 2026, the FDIC-R issued interrogatories to, and requests for production on, the D&O Defendants.

The D&O Defendants continue to seek to obtain third-party document discovery from SVB's regulators at the FRB, FRBSF, and DFPI. The D&O Defendants are diligently pursuing discovery from these third-party regulators, but there is still much work to be done before the completion of document discovery. The FDIC-R's position that "[discovery from] third-party regulators is unnecessary and irrelevant," *infra* § 8.A.b., has already been rejected in the Trust Case, where Judge Freeman found that such evidence is "relevant to the issue of the applicable standard of care and whether [the officers and directors] met that standard." *See SVB Financial Trust v. Federal Deposit Insurance Corp.*, No. 5:24-cv-1321-BLF (N.D. Cal.)., ECF No. 331 at 14 (citation omitted).

**b. FDIC-R's Position**:

A substantial amount of discovery has been completed already through reproduction of documents

produced in other litigation and completed depositions of most of the named D&O Defendants. The FDIC-R produced over four million documents to the D&O Defendants extensively covering the issues in this litigation about a year ago. The FDIC-R did so promptly in this litigation during motion to dismiss briefing to move this case forward expeditiously and efficiently. The FDIC-R has since made subsequent productions in response to the D&O Defendants' discovery requests and, contrary to the D&O Defendants' contentions, the FDIC-R has provided detailed responses to their interrogatories. The parties are also taking advantage of third-party document productions in the Trust Case to efficiently complete document production here.

The FDIC-R served requests to produce documents and interrogatories on the D&O Defendants on May 26, 2026, and the parties agreed to extend the D&O Defendants' time to respond to those discovery requests to July 27, 2026. On July 21, 2026, the D&O Defendants requested a further extension until August 10, ~~2016~~2026, and the FDIC-R agreed. On June 15 and 18, 2026, the FDIC-R issued subpoenas to third parties who produced documents in the Trust Case and the FDIC-R's administrative investigation related to this matter. Those subpoenas result from the D&O Defendants' request for production of all materials produced by third parties in those other proceedings. The FDIC-R has been in contact with the recipients of the subpoenas.

The D&O Defendants served their third set of requests for production on the FDIC-R on July 14, 2026. The FDIC-R's responses to those requests for production are due on August 13, 2026, two days after the August 11, 2026 deadline for the parties to complete their document production. Nonetheless, the FDIC-R intends to complete its document production by August 11, 2026.

The extensive discovery that the D&O Defendants claim they need from third-party regulators is unnecessary and irrelevant because it is well-established that directors and officers cannot excuse their own negligence by blaming regulators: executives run banks, not regulators. Regardless, the discovery process with third-party regulators is ongoing and progressing.

**B. Scope of Anticipated Discovery**

**a. D&O Defendants' Position:**

The D&O Defendants have not yet had the opportunity to question many witnesses the FDIC-R and the Trust have already deposed, including former SVB employees and consultants to SVB, as well as

any representative of the FDIC. Consequently, once document productions are complete, the D&O Defendants anticipate that they will need to take depositions of many of the significant number of third-party witnesses deposed by the FDIC-R in the Trust Case. Additionally, the D&O Defendants may take additional depositions of witnesses who were not deposed in the Trust Case, including FDIC representatives and third-party witnesses.

But as it stands, the FDIC-R has delayed in producing pertinent documents to the D&O Defendants, notwithstanding the D&O Defendants' efforts to hold it to the Court's schedule. By way of example, on March 25, 2025, the D&O Defendants issued requests for production of documents to the FDIC-R, which included a request for "all Documents and Communications produced to the FDIC or FDIC-R during the course of" its administrative investigation into the D&O Defendants. After several meetings and exchanged letters, on March 18, 2026, the FDIC-R finally agreed to "issue subpoenas to the third parties to reproduce in this case all documents produced to the FDIC-R in the investigation or the Holding Company action once the Court enters the parties' stipulated protective order." The Honorable Judge Cousins entered the protective order later that day. The FDIC-R nevertheless delayed nearly three months—until the week of June 8, 2026—to reissue the majority of its subpoenas to the seventeen third parties. To date, the D&O Defendants have only received three productions from those third parties. Without these productions, the D&O Defendants cannot readily assess the scope of necessary discovery.

**b. FDIC-R's Position:**

With respect to depositions, the FDIC-R has already deposed most of the D&O Defendants in this action as part of joint depositions with the Trust Case. The D&O Defendants have not noticed any witnesses for depositions. The FDIC-R will depose additional D&O Defendants and certain third-parties in this action. The FDIC-R may also seek leave to depose certain D&O Defendants a second time on a limited basis in this case. The D&O Defendants have not identified the number of depositions they plan to take or provided any justification why those depositions cannot be completed in the five months remaining in the current fact discovery schedule.

### C. Proposed Limitations or Modifications to Discovery Rules

The D&O Defendants and FDIC-R have no present need to limit or modify the discovery rules.

**D. E-Discovery Order**

To the extent the parties to the D&O Action have disagreements concerning the production of ESI in this Action, the Parties will seek the Honorable Cousins's assistance in resolving any e-discovery disputes, pursuant to the Court's Civil Standing Order.

**E. Protective Order**

The FDIC-R and D&O Defendants submitted a Stipulated Proposed Protective Order to govern discovery in this Action on December 19, 2025 (ECF No. 164). The Honorable Cousins entered the Protective Order on March 18, 2026 (ECF No. 168).

**F. Discovery Plan**

**a. D&O Defendants' Position:**

In light of the discovery delays discussed above and developments at the recent bench trial in the Trust Case, the D&O Defendants believe that there is good cause for an extension of the current case schedule. The D&O Defendants have proposed to the FDIC-R that the parties should stipulate to such an extension, and the FDIC-R has taken that proposal under advisement.

First, Judge Freeman's forthcoming ruling in the Trust Case may have a direct and potentially dispositive impact on the claims and defenses in this action. Extending the schedule to allow the parties to assess the impact of that ruling on dispositive motions, discovery strategy, and potential settlement discussions will promote judicial economy and avoid unnecessary litigation expense.

Second, the FDIC-R's evidentiary positions at trial in the Trust Case have materially expanded the scope of discovery that may be required in this action. At trial, the FDIC-R opposed the admissibility of certain public documents and statements from FDIC officials and other regulators, including statements that the run on SVB could not have been anticipated or survived by any bank. The D&O Defendants may seek to depose the officials who made those statements to ensure their admissibility at trial.

**b. FDIC-R's Position:**

The FDIC-R does not agree to any extension of the discovery schedule set in this case and does not see any reason why such an extension would be warranted. Rather, the FDIC-R believes that the parties are currently on track to complete fact discovery in the time allotted by the current schedule. The FDIC-R has already taken the depositions of most of the Defendants in this matter in connection with the Trust

Case.

Moreover, the FDIC-R disagrees that the Trust Case will have a dispositive effect on the claims and defenses here. Further, any judgment in the FDIC-R's favor in the Trust Case will not meaningfully decrease the D&O Defendants' potential liability here, because the FDIC-R seeks substantial additional damages from the D&O Defendants beyond the $1.7 billion that it seeks as an offset in the Trust Case.

There is no cause to delay this proceeding, and the D&O Defendants do not identify any discovery needs that warrant extending the schedule.

### G. Discovery Disputes

There are no current discovery disputes pending before the Court.

## 9. Class Actions

Not applicable.

## 10. Related Cases

Trial in the Trust Case before Judge Freeman concluded on July 17, 2026. Defendants Becker, Beck, Benhamou, Friedman, Kruse, Matthews, Miller, Mitchell, and Staglin testified at the trial.

## 11. Relief

The FDIC-R seeks billions of dollars in damages and prejudgment and post-judgment interest as allowed by law. The FDIC-R asserts that its damages will be computed by determining the amount of loss caused by the D&O Defendants' mismanagement of SVB's securities portfolio, improper removal of its interest rate hedge protection, and the imprudent $294 million bank-to-parent dividend. The FDIC contends that the damage that the D&O Defendants caused to the Bank far exceeds the amount at stake as an offset in the Trust Case, and therefore a favorable judgment for the FDIC-R in that case will not meaningfully alter the D&O Defendants' liability for the FDIC-R's claims in this action. Nor, the FDIC contends, will the resolution of the Trust Case have a preclusive and dispositive effect on the FDIC-R's claims in this case.

The D&O Defendants do not currently seek any affirmative relief and deny that the FDIC-R is entitled to any of its requested relief. Moreover, the D&O Defendants believe that the outcome of the Trust Case may result either in the FDIC-R's recovery of much of the same damages it purports to seeks to recover in this case (because, if and to the extent that it prevails, it will be permitted to set-off those damages

against amounts it otherwise admits owing to the Trust) or a ruling that, on collateral or judicial estoppel or other grounds, bars the FDIC-R from seeking to pursue claims for the same damages in this case; either way, the D&O Defendants believe that the outcome of the Trust Case may eliminate the FDIC-R's case for much, if not all, of the damages it seeks in this action.

**12. Settlement and ADR**

The Parties to the D&O Action met and conferred regarding the mandatory ADR process and agree that private mediation, at the appropriate time, will be the most appropriate process. The FDIC-R and certain of the D&O Defendants previously mediated without success.

**13. Other References**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

**a. D&O Defendants' Position:**

The D&O Defendants believe that if the FDIC-R loses the Trust Case, that outcome likely will have a preclusive and dispositive effect on all the FDIC-R's claims in the D&O Case, something the FDIC-R itself has acknowledged in its filings in the Trust Case. Conversely, as discussed above, if the FDIC-R prevails in the Trust Case, the D&O Defendants believe that the FDIC-R will recover in the Trust Case much of the purported damages it seeks in this case, precluding the FDIC-R from seeking a double recovery in this action. Accordingly, the D&O Defendants position is that the best way to narrow—and potentially eliminate—the issues in the D&O Case is to wait until Judge Freeman's post-trial decision in the Trust Case.

**b. FDIC-R's Position:**

The FDIC-R disputes that resolution of the Trust Case will have a preclusive and dispositive effect on all of the FDIC-R's claims in the D&O Case. The FDIC-R also disputes that any offset in the Trust Case will meaningfully reduce the damages it seeks from the D&O Defendants, given the billions of dollars in damages that the D&O Defendants caused to the Bank at issue in this case.

**15. Expedited Trial Procedure**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure

of General Order No. 64.

**16. Scheduling**

Following the December 15, 2025 Case Management Conference, the Court entered a schedule with the following remaining deadlines (ECF No. 163).

| Event | D&O Action Schedule |
|---|---|
| Party Document Production Deadline | August 11, 2026 |
| Close of Fact Discovery | December 11, 2026 |
| Opening of Expert Reports | January 29, 2027 |
| Rebuttal Expert Reports | March 5, 2027 |
| Close of Expert Discovery | April 9, 2027 |
| Dispositive Motions and *Daubert* Motions | April 23, 2027 |
| Responses to Dispositive and *Daubert* Motions | May 14, 2027 |
| Replies to Dispositive and *Daubert* Motions | May 28, 2027 |
| Hearing on Dispositive and *Daubert* Motions | June 30, 2027, at 9:00 AM |
| Deadline to File Joint Pretrial Statement | August 4, 2027 |
| Final Pretrial Conference in the D&O Action | August 25, 2027, at 2:00 PM |
| Trial Start Date in the D&O Action | September 13, 2027, at 9:00 AM |

**17. Trial**

Under the Court's December 19, 2025 Order (ECF No. 163 at 2), the Court has scheduled four weeks for trial beginning on September 13, 2027 at 9:00 AM.

**18. Disclosure of Non-party Interested Entities or Persons**

The FDIC-R is excluded from the requirement to file a Certification of Interested Entities or Persons pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15. Defendants have filed the Certifications of Interested Entities or Persons required by Civil Local Rule 3-15 (Dkt. 33, 65, 66, 67, 72 and 76), identifying the following entities or persons:

| Entity / Person |
|---|
| FDIC-R |
| Defendant Gregory Becker |
| Defendant Daniel Beck |
| Defendant Marc Cadieux |
| Defendant Michael Descheneaux |
| Defendant Michael Kruse |
| Defendant Laura Izurieta |

| |
|---|
| Defendant Eric Benhamou |
| Defendant Roger Dunbar |
| Defendant Joel Friedman |
| Defendant Mary Miller |
| Defendant Kate Mitchell |
| Defendant Beverly Matthews |
| Defendant Garen Staglin |
| Defendant Elizabeth Burr |
| Defendant Richard Daniels |
| Defendant Alison Davis |
| Defendant Jeffrey Maggioncalda |

**19. Professional Conduct**

All attorneys of record for the parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: July 24, 2026

PHILIP D. ANKER
MICHAEL A. MUGMON
CALEB J. LIN

**WILMER CUTLER PICKERING HALE AND DORR LLP**

/s/ *Philip Anker*

PHILIP ANKER
Counsel for Defendants Eric Benhamou, Roger Dunbar, Joel Friedman, Mary Miller, Kate Mitchell, Beverly Matthews, Garen Staglin, Elizabeth Burr, Richard Daniels, Alison Davis, and Jeffrey Maggioncalda

Dated: July 24, 2026

JAMES N. KRAMER
ALEXANDER K. TALARIDES
KEVIN M. ASKEW

**ORRICK HERRINGTON & SUTCLIFFE LLP**

/s/ *James N. Kramer*

JAMES N. KRAMER
Counsel for Defendant Gregory W. Becker

Dated: July 24, 2026

BARRY H. BERKE
MICHAEL D. CELIO
DANIEL M. KETANI

**GIBSON, DUNN & CRUTCHER LLP**

/s/ *Michael D. Celio*

MICHAEL D. CELIO
Counsel for Defendant Daniel Beck

Dated: July 24, 2026

ABIGAIL ELIZABETH DAVIS
ANITA B. BANDY
DAVID MEISTER
MARK R.S. FOSTER

**SKADDEN ARPS SLATE MEAGHER & FLOM LLP**

/s/ *Abigail Elizabeth Davis*

ABIGAIL ELIZABETH DAVIS
Counsel for Defendant Laura Izurieta

Dated: July 24, 2026

CHRISTOPHER GARCIA
RAQUEL KELLERT
ALEXANDER WYMAN
MATTHEW P. VALENTI

**LATHAM & WATKINS LLP**

/s/ *Christopher Garcia*
CHRISTOPHER GARCIA
Counsel for Defendant Michael Kruse

Dated: July 24, 2026

JORDAN ETH
JAMIE A. LEVITT

**MORRRISON & FOERSTER LLP**

/s/ *Jordan Eth*
JORDAN ETH
Counsel for Defendant MARC CADIEUX

Dated: July 24, 2026

PETER G. SPIVACK
MEGAN R. NISHIKAWA
NICHOLAS LAURIDSEN

**HOGAN LOVELLS CADAWALDER LLP**

/s/ *Megan R. Nishikawa*
MEGAN R. NISHIKAWA
Counsel for Defendant MICHAEL DESCHENEAUX

Dated: July 24, 2026

MICHAEL K. MOLZBERGER
LYNN R. FIORENTINO
LAWRENCE H. HEFTMAN
DAVID C. GILES

**ARENTFOX SCHIFF LLP**

/s/ *Michael K. Molzberger*
MICHAEL K. MOLZBERGER
Counsel to the Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank

**CIVIL L.R. 5-1 ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I, Philip D. Anker, am the ECF user whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT. In compliance with General Order 45, X.B., I hereby attest that counsel for the Parties have concurred in this filing.

*/s/ Philip D. Anker*

Philip D. Anker